**\*E-FILED ON 10/24/06\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOSE GUADALUPE MEJIA,<br><br>    Plaintiff,<br>  v.<br><br>MARAUDER CORPORATION, ET AL,<br><br>    Defendants.<br>_____/ | No. C06-00520 HRL<br><br>**ORDER (1) GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL INITIAL DISCLOSURES; AND (2) DENYING PLAINTIFF'S MOTION FOR SANCTIONS**<br><br>**[Re: Docket Nos. 22, 23]** |

On October 24, 2006, this court heard plaintiff's Motion to Compel Initial Disclosures and Motion for Discovery Sanctions. Defendants opposed the motions. Having considered the papers filed by the parties, as well as the arguments of counsel, this court issues the following order.

**I. BACKGROUND**

This is an action for alleged violation of the Fair Debt Collection Practices Act and the Rosenthal Fair Debt Collection Practices Act based upon a collection letter defendants purportedly sent to plaintiff.

Upon the filing of the complaint, the court set an August 11, 2006 deadline for the parties to complete their initial disclosures. Defendants did not provide their disclosures by that date; and, at the August 29, 2006 initial case management conference, this court set a September 5, 2006 deadline for them to do so.

1   Defendants failed to provide their disclosures by September 5, 2006. On September 15,
2   2006, plaintiff filed the instant motion to compel, along with a motion for sanctions, seeking
3   $1,200 in attorney's fees and costs incurred in this disclosure dispute.

4   Defendants subsequently served their disclosures on September 22, 2006. Nevertheless,
5   plaintiff contends that those disclosures are inadequate because defendants (1) essentially
6   copied his own initial disclosures; and (2) did not identify the existence of any applicable
7   insurance coverage under Fed.R.Civ.P. 26(a)(1)(D). For their part, defendants claim that
8   plaintiff agreed that they could have until September 22, 2006 to provide their disclosures.
9   They contend that no sanctions are warranted because plaintiff reneged on that agreement by
10  filing the instant motions.

## II. LEGAL STANDARD

Initial disclosures "must be made at or within 14 days after the Rule 26(f) conference unless a different time is set stipulation or court order . . . ." FED.R.CIV.P. 26(a)(1). "A party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." FED.R.CIV.P. 37(c)(1). "In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions," including the payment of reasonable expenses and attorney's fees. *Id*. This rule "provides a self-executing sanction for failure to make a disclosure required by Rule 26(a), without need for a motion [to compel disclosure] under [Fed.R.Civ.P. 37] (a)(2)(A)." *See* Advisory Committee Notes to Fed.R.Civ.P. 37 (1993 Amendments); *see also Yeti By Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d. 1101, 1106 (9th Cir. 2001) (acknowledging that the sanction under Fed.R.Civ.P. 37(c)(1) is "self-executing" and "automatic"). The burden is on the party facing sanctions to prove harmlessness. *Yeti By Molly, Ltd.*, 259 F.3d at 1107.

If the disclosure is provided after a motion is filed, the court shall award attorney's fees unless the movant did not make a good faith effort to obtain disclosures without court action, or

the opposing party's nondisclosure was justified, or other circumstances make the award of expenses unjust. FED.R.CIV.P. 37(a)(4)(A).

### III. DISCUSSION

Insofar as defendants have served their initial disclosures, the court denies plaintiff's motion to compel as moot. However, to the extent that the original initial disclosures did not identify the existence of any applicable insurance coverage, the court orders defendants to submit amended initial disclosures with this information by **October 31, 2006**.

Plaintiff asserts that he is entitled to monetary sanctions for the delayed disclosure. In this case, defendants were not substantially justified in failing to timely serve their disclosures. They contend that plaintiff agreed that they could have until September 22, 2006 to do so. However, plaintiff's counsel attests that no such agreement was made, and the documentation submitted by defendants indicates only that plaintiff agreed to extend the time in which defendants could serve their responses to his discovery requests. (*See* Schwinn Suppl. Decl., ¶ 8; Hartman Decl., Ex. A).

Nevertheless, defendants' failure appears to have been the result of a misunderstanding,[1] and under the circumstances presented, sanctions are not warranted. At oral argument, plaintiff acknowledged that he has not been prejudiced. Moreover, it seems that the need for motions practice may well have been obviated if plaintiff made a meaningful effort to confer with defendants before seeking judicial intervention. *See* CIV.L.R. 37-1(a). Plaintiff points out that he called defense counsel on August 28, 2006 and was assured that defendants' disclosures were forthcoming. However, there is no indication in the record that plaintiff made any attempt to meet-and-confer with defendants about their initial disclosures after the September 5, 2006 deadline passed and before he filed the instant motions on September 15, 2006. Accordingly, plaintiff's motion for sanctions is denied.

---

[1] Plaintiff urges this court to consider documents from an unrelated lawsuit, which he says support the conclusion that defendants willfully disobeyed court-ordered deadlines here. This court does not believe that those documents are relevant or helpful in resolving the instant motion.

3

**IV. ORDER**

Based on the foregoing, it is ordered that plaintiff's motion to compel initial disclosures is GRANTED in part. The court orders defendants to submit amended initial disclosures **no later than by October 31, 2006**. Plaintiff's motion for monetary sanctions is DENIED.

Dated:  October 24, 2006

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

4

**Notice will be electronically mailed to:**

Eric F. Hartman jhart75442@aol.com,

Frederick William Schwinn cand_cmecf@sjconsumerlaw.com,
fred.schwinn@sjconsumerlaw.com; fschwinn@gmail.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.