1  Fred W. Schwinn (SBN 225575)
   CONSUMER LAW CENTER, INC.
2  12 South First Street, Suite 416
   San Jose, California  95113-2404
3  Telephone Number: (408) 294-6100
   Facsimile Number: (408) 294-6190
4  Email Address: fred.schwinn@sjconsumerlaw.com

5  Attorney for Plaintiff
   JOSE GUADALUPE MEJIA
6

7

8              **IN THE UNITED STATES DISTRICT COURT**
               **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
9                        **SAN JOSE DIVISION**

10 JOSE GUADALUPE MEJIA,                    Case No.  C06-00520-HRL

11                     Plaintiff,          **MEMORANDUM OF POINTS AND**
                                            **AUTHORITIES IN SUPPORT OF**
12 v.                                       **MOTION FOR SUMMARY**
                                            **JUDGMENT, OR IN THE**
13 MARAUDER CORPORATION, D/B/A              **ALTERNATIVE, PARTIAL**
   NATIONWIDE CAPITAL RECOVERY,             **SUMMARY ADJUDICATION**
14 D/B/A THE OFFICES OF COLLECTION
   PROFESSIONAL SERVICES, a California      [Fed. R. Civ. P. 56 ]
15 corporation, and RYON ALAN GAMBILL,
   individually and in his official capacity,   Date:        March 13, 2007
16                                          Time:        10:00 a.m.
                       Defendants.          Judge:       Honorable Howard R.
17                                                       Lloyd
                                            Courtroom:   2, 5th Floor
18                                          Place:       280 South First Street
                                                         San Jose, California
19

20         COMES NOW the Plaintiff, JOSE GUADALUPE MEJIA (hereinafter "Plaintiff"), by and

21 through his attorney Fred W. Schwinn of the Consumer Law Center, Inc., and pursuant to Fed. R.

22 Civ. P. 56 and Civil L.R. 56-1, hereby submits his Memorandum of Points and Authorities in

23 Support of Motion for Summary Judgment filed herein.

24

25

26

27

28

1

## <u>TABLE OF CONTENTS</u>

2   Table of Contents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

3   Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

4   I.      INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

5   II.     PROCEDURAL HISTORY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

6   III.    FACTS OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

7   IV.     STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

8   V.      STATEMENT OF QUESTIONS PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

9   VI.     ARGUMENTS AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

10          A.      THE "LEAST SOPHISTICATED CONSUMER" STANDARD IS USED
                    TO ANALYZE VIOLATIONS OF THE FDCPA . . . . . . . . . . . . . . . . . . . . . . . 7
11
            B.      UNDER THE STRICT LIABILITY STANDARD OF THE FDCPA,
12                  DEFENDANTS HAVE COMMITTED NUMEROUS VIOLATIONS OF
                    THE ACT, AS SEEN FROM THE PERSPECTIVE OF THE "LEAST
13                  SOPHISTICATED CONSUMER" . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

14          C.      DEFENDANTS HAVE VIOLATED NUMEROUS PROVISIONS OF THE
                    FDCPA . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
15
                    1.      DEFENDANTS THREATENED TO COLLECT AMOUNTS NOT
16                          DUE IN VIOLATION OF THE FDCPA . . . . . . . . . . . . . . . . . . . . . . . 9

17                  2.      DEFENDANTS' FALSE THREAT OF SUIT VIOLATED THE
                            FDCPA . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
18
                    3.      DEFENDANTS' DEMAND FOR VERIFICATION OF PAYMENT
19                          VIOLATES THE FDCPA . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

20          D.      DEFENDANTS HAVE VIOLATED THE RFDCPA . . . . . . . . . . . . . . . . . . . . 14

21                  1.      DEFENDANTS VIOLATED CAL. CIVIL CODE § 1788.17 . . . . . . . . 14

22                  2.      DEFENDANTS VIOLATED CAL. CIVIL CODE § 1788.10(f) . . . . . . 15

23                  3.      DEFENDANTS VIOLATED CAL. CIVIL CODE § 1788.13(e) . . . . . . 15

24                  4.      DEFENDANTS VIOLATED CAL. CIVIL CODE § 1788.13(j) . . . . . . 15

25          E.      THIS COURT SHOULD AWARD PLAINTIFF THE MAXIMUM
                    STATUTORY DAMAGE AMOUNT OF $1,000 UNDER THE FDCPA . . . . . 16
26
            F.      PLAINTIFF SHOULD BE AWARDED $1,000 UNDER CAL. CIVIL
27                  CODE § 1788.30(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

28

G.      PLAINTIFF SHOULD BE AWARDED $1,000 UNDER CAL. CIVIL
        CODE § 1788.17 ............................................... 17

H.      BOTH CONGRESS AND THE CALIFORNIA LEGISLATURE HAVE
        EXPRESSED THEIR INTENT THAT THE REMEDIES FOR
        VIOLATIONS OF THE FDCPA AND RFDCPA BE CUMULATIVE ....... 17

I.      PLAINTIFF HAS A STATUTORY RIGHT TO ATTORNEY'S FEES AND
        COSTS ....................................................... 18

VII.   CONCLUSION ....................................................... 19

1

**TABLE OF AUTHORITIES**

2

**Cases**

3  *Abels v. JBC Legal Group, P.C.*, 227 F.R.D. 541 (N.D. Cal. 2005) . . . . . . . . . . . . . . . . . . . . . . . 18

4  *Alkan v. Citimortgage, Inc.*, 336 F. Supp. 2d 1061 (N.D. Cal. 2004) . . . . . . . . . . . . . . . . . . . . . 18

5  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

6  *Avila v. Rubin*, 84 F.3d 222 (7th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

7  *Baker v. G.C. Services*, 677 F.2d 775 (9th Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8, 9, 13

8  *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60 (2nd Cir. 1993) . . . . . . . . . . . . . . . . . 8, 9, 13

9  *Brinson v. Linda Rose Joint Venture*, 53 F.3d 1044 (9th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . 6

10 *Cacace v. Lucas*, 775 F. Supp. 502 (D. Conn. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

11 *Castro v. ARS National Servs., Inc.*, 200 U.S. Dist. LEXIS 2618
   (S.D.N.Y. Mar. 8, 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
12
   *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
13
   *Chapman v. ACB Business Services*, Inc.,
14 1997 U.S. Dist. LEXIS 23743 (S.D. W.V. February 13, 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . 18

15 *Clomon v. Jackson*, 988 F.2d 1314 (2nd Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8, 9

16 *De Coito v. Unifund Corp*., 2004 U.S. Dist. LEXIS 23729 (D. HI January 4, 2004) . . . . . . . . . . 9

17 *DeSantis v. Computer Credit, Inc*., 269 F.3d 159 (2nd Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . 14

18 *Duffy v. Landberg*, 215 F.3d 871 (8th Cir. 2000),
   *rehearing denied*, 2000 U.S. App. LEXIS (8th Cir. July 10, 2000) . . . . . . . . . . . . . . . . . . . . . . . 12
19
   *Edstrom v. A.S.A.P. Collection Services*,
20 2005 U.S. Dist. LEXIS 2773 (N.D. Cal. February 22, 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

21 *EEOC v. Farmer Bros. Co.,* 31 F.3d 891 (9th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

22 *Graziano v. Harrison*, 950 F.2d 107 (3rd Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

23 *Hartman v. Meridian Financial Services, Inc.*, 191 F. Supp. 2d 10319
   (W.D. Wis. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
24
   *Heintz v. Jenkins*, 541 U.S. 291, 115 S. Ct. 1489, 131 L. Ed. 2d 395 (1995) . . . . . . . . . . . . . . 12
25
   *Irwin v. Mascott*, 96 F. Supp. 2d 968 (N.D. Cal. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
26
   *Jeter v. Credit Bureau*, 760 F.2d 1168 (11th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
27
   *Mann v. Acclaim*, 348 F. Supp. 2d 923 (S.D. OH. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18
28

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986)  . . . . . . . . . . . . . . . 5, 6

*McCartney v. First City Bank*, 970 F.2d 45 (5th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Perez v. Perkiss*, 742 F.Supp. 883 (D.Del. 1990)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Picht v. Jon R. Hawks, Ltd.*, 236 F.3d 446 (8th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22 (2d Cir. 1989)  . . . . . . . . . . . . . . . 13, 19

*Pittman v. J.J. Mac Inttyre Co. of Nevada, Inc.*, 969 F. Supp. 609 (D. Nev. 1997)  . . . . . . . . . . 9

*Riveria v. MAB Collections, Inc.*, 682 F. Supp. 174 (W.D.N.Y. 1988) . . . . . . . . . . . . . . . . . . 8, 16

*Romine v. Diversified Collection Servs.*, 155 F.3d 1142 (9th Cir. 1998)  . . . . . . . . . . . . . . . . . . . 9

*Rosa v. Gaynor*, 784 F. Supp. 1 (D. Conn. 1989)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Russell v. Equifax A.R.S.*, 74 F.3d 30 (2nd Cir. 1996)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8,9

*Sakuma v. First National Credit Bureau,*18
1989 U.S. DIST. LEXIS 19120 (D. HI. November 15, 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Sambor v. Omnia Credit Services, Inc.*, 183 F. Supp. 2d 1234 (D. HI 2002) . . . . . . . . . . . . . . 14

*Saucier v. Katz,* 533 U.S. 194 (2001)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Schneider v. TRW, Inc.,* 938 F.3d 986 (9th Cir. 1990)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Schweizer v. Trans Union Corp.*, 136 F.3d 233 (2d Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Stockton Wire Products, Inc. v. K-Lath Corp.*, 440 F.2d 782  (9th Cir. 1971) . . . . . . . . . . . . . . . 5

*Stojanovski v. Strobl & Manoogian, P.C.*, 783 F. Supp. 319 (E.D. Mich. 1992)  . . . . . . . . . . . . 8

*Swanson v. Southern Oregon Credit Serv.*, 869 F.2d 1222 (9th Cir. 1988)  . . . . . . . . . . . . . . . . 7

*Taylor v. Perrin Landry, deLaunay & Durand*, 103 F.3d 1232 (5th Cir. 1997) . . . . . . . . . . . . 8, 9

*Terran v. Kaplan*, 109 F.3d 1428 (9th Cir. 1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Tolentino v. Friedman*, 46 F.3d 645 (7th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Trans World Accounts, Inc. v. F.T.C.*, 594 F.2d 212 (9th Cir. 1979) . . . . . . . . . . . . . . . . . . . . . . 13

*Traverso v. Sharinn*, 1989 U.S. Dist. LEXIS 19100 (D. Conn. Sept. 15, 1989) . . . . . . . . . . . . . 9

*Turner v. Cook*, 362 F.3d 1219 (9th Cir. 2004)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*T.W. Electrical Service, Inc. v. Pacific Electrical Contractors Ass'n,*
809 F.2d 626 (9th Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*United States v. National Financial. Services*, 98 F.3d 131 (4th Cir. 1996)  . . . . . . . . . . . . . . 8, 13

*United States v. Trans Continental Affiliates*,
1997 U.S. Dist. LEXIS 388 (N.D. Cal. January 8, 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Zagorski v. Midwest Billing Services, Inc.*, 178 F.3d 116 (7th Cir. 1997) . . . . . . . . . . . . . . . . . . 18

## **Statutes**

15 U.S.C. § 1692(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

15 U.S.C. § 1692a(5) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

15 U.S.C. § 1692a(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

15 U.S.C. § 1692d . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

15 U.S.C. § 1692e . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 12, 13

15 U.S.C. § 1692e(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

15 U.S.C. § 1692e(5) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12, 13

15 U.S.C. § 1692e(10) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12, 13

15 U.S.C. § 1692f . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

15 U.S.C. § 1692f(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

15 U.S.C. § 1692g . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

15 U.S.C. § 1692k(a)(2)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16, 17

15 U.S.C. § 1692k(a)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

15 U.S.C. § 1692n . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Cal. Civil Code § 1788.2(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Cal. Civil Code § 1788.2(f) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Cal. Civil Code § 1788.10(f) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Cal. Civil Code § 1788.13(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Cal. Civil Code § 1788.13(j) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 16

Cal. Civil Code § 1788.15 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Cal. Civil Code § 1788.17 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 17

Cal. Civil Code § 1788.30 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Cal. Civil Code § 1788.30(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Cal. Civil Code § 1788.30(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Cal. Civil Code § 1788.32 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 17

Cal. Code of Civ. P. § 395(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

California Financial Code § 23036 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11, 12

California Financial Code § 23036(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 10

California Financial Code § 23036(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4, 10

California Financial Code § 23036(f) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 10

## Rules

Fed. R. Civ. P. 56(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Fed. R. Civ. P. 56(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

## Other

Statements of General Policy or Interpretation Staff Commentary on the Fair
Debt Collection Practices Act, 53 Fed. Reg. 50097, 50106 (1988): §807(10)-2 . . . . . . . . . . . . 13

# I.  INTRODUCTION

This action was brought to redress Defendants, MARAUDER CORPORATION, D/B/A NATIONWIDE CAPITAL RECOVERY, D/B/A THE OFFICES OF COLLECTION PROFESSIONAL SERVICES, and RYON ALAN GAMBILL's, (hereinafter collectively referred to as "Defendants") false, misleading and deceptive attempts to collect a consumer debt.  Plaintiff contends that Defendants violated the Federal Fair Debt Collection Practices Act (hereinafter "FDCPA") by: (1) threatening to collect interest, attorney fees, collection fees or other charges from Plaintiff that were not legally due; (2) falsely threatening litigation that was not actually intended; and (3) demanding that Plaintiff provide "verification of payment" which overshadowed the required 30-day validation notice.  Additionally, Plaintiff contends that Defendants violated the California Rosenthal Fair Debt Collection Practices Act (hereinafter "RFDCPA").  For these violations of the FDCPA and RFDCPA, Plaintiff seeks an award of statutory damages and his reasonable attorney fees and costs incurred in this case.

# II.  PROCEDURAL HISTORY

On January 26, 2006, Plaintiff filed his Complaint in this case alleging violations of the FDCPA and RFDCPA.  (Doc. 1)  On February 23, 2006, Defendants filed their Answer to the Complaint. (Doc. 7)  On March 7, 2006, Defendants filed their Amended Answer to the Complaint. (Doc. 8)  The discovery in this case closed on February 2, 2007.  (Doc. 20)

On February 6, 2007, Plaintiff filed his Motion for Summary Judgment in this case.

# III.  FACTS OF THE CASE

On or about August 9, 2004, Plaintiff entered into a short-term payday loan transaction with QC Financial Services of California, Inc., d/b/a California Budget Finance (hereinafter "the debt").[1]

---

[1] Complaint (Doc. 1) (hereinafter "Complaint") ¶10; Declaration of Jose Guadalupe Mejia in Support of Motion for Summary Judgment at ¶2.

QC Financial Services of California, Inc., d/b/a California Budget Finance, is a Deferred Deposit Originator licensed by the California Department of Corporations (License No. 1001124)[2] and Plaintiff's short-term payday loan with California Budget Finance was a "deferred deposit transaction" under the California Deferred Deposit Transaction Law, California Financial Code § 23000 *et seq.*

In Plaintiff's payday loan transaction, Plaintiff provided California Budget Finance with a personal check post-dated by approximately 2 weeks in the amount of $176.47 and Plaintiff received $150.00 in cash as the loan proceeds.[3] The difference between the amount of Plaintiff's post-dated personal check and the cash that Plaintiff received represented $26.47 in fees and interest charged by California Budget Finance.[4] Plaintiff incurred this debt to California Budget Finance for personal, family or household purposes.[5] Therefore, Plaintiff's payday loan transaction with California Budget Finance created a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).[6]

When California Budget Finance deposited Plaintiff's post-dated personal check approximately two weeks after the payday loan transaction, Plaintiff was experiencing financial hardships and the check was returned by Plaintiff's bank unpaid.[7] When Plaintiff's bank returned Plaintiff's post-dated personal check to California Budget Finance unpaid, a $15.00 service charge

---

[2] *See*, http://www.corp.ca.gov/fsd/lic/default.asp?flag=1&id=+1001124; Declaration of Fred W. Schwinn in Support of Motion for Summary Judgment at ¶6 and Exhibit "5."

[3] Declaration of Jose Guadalupe Mejia in Support of Motion for Summary Judgment at ¶2; Declaration of Fred W. Schwinn in Support of Motion for Summary Judgment at Exhibit "4" (100014 & 10016).

[4] *Id.*

[5] Declaration of Jose Guadalupe Mejia in Support of Motion for Summary Judgment at ¶2.

[6] Declaration of Fred W. Schwinn in Support of Motion for Summary Judgment, Exhibit "2" at ¶¶ 18 and 19, Exhibit "3" at ¶¶ 18 and 19.

[7] Declaration of Jose Guadalupe Mejia in Support of Motion for Summary Judgment at ¶3.

was added to Plaintiff's payday loan balance by California Budget Finance.[8]  The $15.00 returned check fee that was added to Plaintiff's payday loan by California Budget Finance is the only charge that is authorized by California Financial Code § 23036(e) for late payment of a deferred deposit transaction in California.

Thereafter, Plaintiff's debt to California Budget Finance was assigned or otherwise transferred to The Offices of Collection Professional Services for collection.[9]  With the assistance of his legal counsel in this case, Plaintiff learned that The Offices of Collection Professional Services is a fictitious name under which Defendants conducts their business of collecting debts.[10] The principal business of Defendants is the collection of consumer debts owed or alleged to be owed to another and Defendants regularly collects or attempts to collect consumer debts on behalf of their clients.[11] Therefore, Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).[12]

On or about January 28, 2005, Defendants mailed a collection letter to Plaintiff attempting to collect Plaintiff's debt to California Budget Finance.[13]  Defendants' collection letter is dated January 27, 2005.[14]  The collection letter was Defendants' first and only communication that

---

[8]  Id.; Declaration of Fred W. Schwinn in Support of Motion for Summary Judgment at Exhibit "4" (100014).

[9]  Declaration of Jose Guadalupe Mejia in Support of Motion for Summary Judgment at ¶4.

[10]  Id.; Declaration of Fred W. Schwinn in Support of Motion for Summary Judgment, Exhibit "2" at ¶¶ 3 and 4, Exhibit "3" at ¶¶ 3 and 4.

[11]  Declaration of Fred W. Schwinn in Support of Motion for Summary Judgment, Exhibit "2" at ¶¶ 6 and 7, Exhibit "3" at ¶¶ 6 and 7.

[12]  Declaration of Fred W. Schwinn in Support of Motion for Summary Judgment, Exhibit "2" at ¶¶ 5 and 8, Exhibit "3" at ¶¶ 5 and 8.

[13]  Complaint ¶13; Amended Answer to Unverified Complaint (Doc. 8) (hereinafter "Answer") 2:9-10; Declaration of Jose Guadalupe Mejia in Support of Motion for Summary Judgment at ¶¶ 5 and 6, Exhibit "1."

[14]  Complaint ¶14; Answer 2:9-10; Declaration of Jose Guadalupe Mejia in Support of Motion for Summary Judgment at ¶7, Exhibit "1."

---

Plaintiff received in connection with the collection of his debt to California Budget Finance.[15] Defendants' collection letter represented that Plaintiff owed $191.47 in principal and $5.79 in interest on his debt to California Budget Finance.[16]  The $5.79 in interest claimed by Defendants to be owed was not expressly authorized by the agreement creating Plaintiff's debt to California Budget Finance or otherwise permitted by the California Deferred Deposit Transaction Law, California Financial Code § 23000 *et seq.*[17]

Defendants' collection letter refers to Plaintiff's debt to California Budget Finance as "Case Number: 5091989."[18]  Defendants' collection letter states:

Our agency will enforce the original creditor's rights to the **fullest extent of the law!**

You are cautioned that unless you pay the outstanding balance as set forth above within thirty-five (35) days, you may very well have to pay the following additional amounts:

(1) Costs of collecting the amount of the check, including reasonable attorney's fees; and

(2)  Interest accruing at the maximum legally permissible rate from the date of dishonor; and

(3)  Such further damages as the court may award or such other amounts as legally permitted.

Please contact this office by phone so that arrangements may be made and any further action may be stopped.  If you believe you have paid for this check already or someone has made a mistake, please call us so we can get the problem resolved.  (Verification of payment will be required.)[19]

Plaintiff's debt to California Budget Finance was incurred in Santa Clara County, California

---

[15] Declaration of Jose Guadalupe Mejia in Support of Motion for Summary Judgment at ¶8.

[16]  Complaint ¶23; Answer 2:9-10; Declaration of Jose Guadalupe Mejia in Support of Motion for Summary Judgment at ¶9, Exhibit "1."

[17]  California Financial Code § 23036(d), (e) and (f), Declaration of Jose Guadalupe Mejia in Support of Motion for Summary Judgment at ¶10.

[18] Declaration of Jose Guadalupe Mejia in Support of Motion for Summary Judgment at ¶11, Exhibit "1."

[19] Declaration of Jose Guadalupe Mejia in Support of Motion for Summary Judgment at ¶12, Exhibit "1."

and Plaintiff resides in Santa Clara County, California.[20]  Therefore, any lawsuit to collect Plaintiff's debt to California Budget Finance must be filed in Santa Clara County, California.[21]  Defendants did not file a lawsuit against the Plaintiff to collect the Plaintiff's payday loan owed to California Budget Finance.[22]  In fact, Defendants have never filed a collection lawsuit against a consumer in Santa Clara County, California.[23]

## IV.  STANDARD OF REVIEW

The standard of review for a motion for summary judgment is that the moving party is entitled to summary judgment when the evidence shows that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law.[24]  The Court must determine "whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."[25]  "Only disputes over facts that might affect the outcome of the suit under governing law will … preclude summary judgment."[26]  When the record taken as a whole would not persuade a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.[27]  In some cases, the evidence of the opposing party is so weak as to "fail[] to raise a

---

[20]  Declaration of Jose Guadalupe Mejia in Support of Motion for Summary Judgment at ¶2, Exhibit "1;"  Declaration of Fred W. Schwinn in Support of Motion for Summary Judgment at Exhibit "4" (100014 and 100016).

[21]  Cal. Code of Civ. P. § 395(b), Cal. Civil Code § 1788.15.

[22]  Declaration of Fred W. Schwinn in Support of Motion for Summary Judgment, Exhibit "2" at ¶ 24, Exhibit "3" at ¶ 24.

[23]  Declaration of Fred W. Schwinn in Support of Motion for Summary Judgment, Exhibit "2" at ¶ 25, Exhibit "3" at ¶ 25.

[24]  Fed. R. Civ. P. 56(c);  *Stockton Wire Products, Inc. v. K-Lath Corp.,* 440 F.2d 782  (9th Cir. 1971).

[25]  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

[26]  *Id*. at 248.

[27]  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

---

MEMORANDUM OF POINTS AND AUTHORITIES  -5-                    Case No.  C06-00520-HRL

material issue of fact.[28]

The movant must carry this burden of "identifying those parts of the record that indicate the absence of a genuine issue of material fact."[29] Once this burden is met, the non-movant is required to "come forward with specific facts showing that there is a genuine issue for trial" as to elements essential to the non-movant's claim.[30] The non-movant must show more than "some metaphysical doubt as to the material facts;"[31] he or she must "set forth specific facts showing that there is a genuine issue for trial."[32]

The Court must resolve all disputed facts and weigh all evidence "in the light most favorable to the nonmoving party."[33] However, the nonmoving party may not rely upon mere allegations or denials contained in its pleadings or briefs, but must come forward with specific facts showing the presence of a genuine issue for trial.[34] One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses, and the rule should be interpreted in a way that allows it to accomplish this purpose.[35]

## V. STATEMENT OF QUESTIONS PRESENTED

1.  Have Defendants violated the federal Fair Debt Collection Practices Act? If so, what is the amount of statutory damages that should be awarded to the Plaintiff?

2.  Have Defendants violated the California Rosenthal Fair Debt Collection Practices

---

[28] *EEOC v. Farmer Bros. Co.,* 31 F.3d 891, 906 (9th Cir. 1994).

[29] *Brinson v. Linda Rose Joint Venture*, 53 F.3d 1044, 1048 (9th Cir. 1995).

[30] *Schneider v. TRW, Inc.,* 938 F.3d 986, 991 (9th Cir. 1990).

[31] *Matsushita Elec. Indus. Co.,* 475 U.S. at 586.

[32] Fed. R. Civ. P. 56(e).

[33] *T.W. Electrical Service, Inc. v. Pacific Electrical Contractors Ass'n,* 809 F.2d 626, 630-31 (9th Cir. 1987).

[34] *Saucier v. Katz,* 533 U.S. 194, 212 n.2 (2001).

[35] *Celotex Corp. v. Catrett,* 477 U.S. 317, 323-324 (1986).

---

1   Act?  If so, what is the amount of statutory penalty that should be awarded to the

2   Plaintiff?

3   **VI.  ARGUMENTS AND AUTHORITIES**

4   **A.   THE "LEAST SOPHISTICATED CONSUMER" STANDARD IS USED TO ANALYZE VIOLATIONS OF THE FDCPA.**

5

6   The FDCPA states that its purpose, in part, is "to eliminate abusive debt collection practices

7   by debt collectors."  15 U.S.C. § 1692(e).  The statute is designed to protect consumers from

8   unscrupulous collectors, whether or not there is a valid debt.[36]  The FDCPA broadly prohibits unfair

9   or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and

10  any false, deceptive or misleading statements, in connection with the collection of a debt.  15 U.S.C.

11  §§ 1692d, 1692e, and 1692f.

12  The United States Court of Appeals for the Ninth Circuit has held that whether a

13  communication or other conduct violates the FDCPA is to be determined by analyzing it from the

14  perspective of the "least sophisticated consumer."[37]  The "least sophisticated consumer" standard

15  is objective—not subjective.[38]  Courts determine whether the "least sophisticated consumer" would

16  be misled or deceived by the statements made in a collection letter as a matter of law.[39]

17  "The basic purpose of the least sophisticated consumer standard is to ensure that the FDCPA

18  protects all consumers, the gullible as well as the shrewd."[40]  "While protecting naive consumers,

19  the standard also prevents liability for bizarre or idiosyncratic interpretations of collection notices

20  by preserving a quotient of reasonableness and presuming a basic level of understanding and

21

22

23  [36] *Baker v. G.C. Services*, 677 F.2d 775, 777 (9th Cir. 1982).

24  [37] *Swanson v. Southern Oregon Credit Serv.*, 869 F.2d 1222, 1225 (9th Cir. 1988).

25  [38] *Swanson*, 869 F.2d at 1227.

26  [39] *Terran v. Kaplan*, 109 F.3d 1428, 1432 (9th Cir. 1977);  *Swanson*, 896 F.2d at 1225-26.

27  [40] *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2nd Cir. 1993).

28

willingness to read with care."[41]

"As the FDCPA is a strict liability statute, proof of one violation is sufficient to support summary judgment for the plaintiff."[42]  "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages."[43]  Furthermore, the question of whether the consumer owes the alleged debt has no bearing on a suit brought pursuant to the FDCPA.[44]

It is important to note that by protecting consumers from abusive, deceptive and unfair collection practices, the FDCPA insures that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged.  15 U.S.C. § 1692(e).  Moreover, the FDCPA further insures that regardless of whether a consumer owes a debt, he or she will be treated in a reasonable and civil manner.[45]

Accordingly, Plaintiff asserts that whether or not Defendants violated the FDCPA must be evaluated from the standpoint of the "least sophisticated consumer."

**B.      UNDER THE STRICT LIABILITY STANDARD OF THE FDCPA, DEFENDANTS HAVE COMMITTED NUMEROUS VIOLATIONS OF THE ACT, AS SEEN FROM THE PERSPECTIVE OF THE "LEAST SOPHISTICATED CONSUMER."**

To establish a violation of the FDCPA, one need only show that: (1) the Plaintiff is a consumer, (2) the Plaintiff has been the object of collection activity arising from a consumer debt,

---

[41] *U.S. v. Nat'l Fin. Servs.*, 98 F.3d 131, 136 (4th Cir. 1996) (citations omitted);  *See also Russell v. Equifax A.R.S.*, 74 F.3d 30 (2nd Cir. 1996);  *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60 (2nd Cir. 1993);  *Jeter v. Credit Bureau*, 760 F.2d 1168 (11th Cir. 1985);  *Graziano v. Harrison*, 950 F.2d 107, 111 (3rd Cir. 1991);  *Avila v. Rubin*, 84 F.3d 222, 226-27 (7th Cir. 1996) ("the standard is low, close to the bottom of the sophistication meter").

[42] *Cacace v. Lucas*, 775 F. Supp. 502, 505 (D. Conn. 1990);  *See also Stojanovski v. Strobl & Manoogian, P.C.*, 783 F. Supp. 319, 323 (E.D. Mich. 1992);  *Riveria v. MAB Collections, Inc.*, 682 F. Supp. 174, 178-9 (W.D.N.Y. 1988).

[43] *Russell*, 74 F.3d at 33;  *See also Taylor v. Perrin Landry, deLaunay & Durand*, 103 F.3d 1232, 1236 (5th Cir. 1997);  *Bentley*, 6 F.3d at 62;  *Clomon*, 988 F.2d at 1318.

[44] *McCartney v. First City Bank*, 970 F.2d 45 (5th Cir. 1992);  *Baker*, 677 F.2d at 777.

[45] *Baker*, 677 F.2d at 777.

---

(3) the Defendant collecting the "debt" is a "debt collector" as defined in the Act, and (4) the Defendant has engaged in any act or omission in violation of the prohibitions or requirements of the Act.[46]  Defendants have admitted to three of these four elements.[47]  The remainder of this memorandum will show that the fourth of these elements is satisfied as a matter of law.

**C.     DEFENDANTS HAVE VIOLATED NUMEROUS PROVISIONS OF THE FDCPA.**

Because the FDCPA is a strict liability statute, proof of one violation is sufficient to support summary judgment for a Plaintiff.[48]  In light of this strict liability standard, a consumer need not show intentional conduct by the debt collector in order to be entitled to damages,[49] and there are no unimportant violations.[50]  Further, no proof of actual deception or actual damages is required to obtain statutory remedies.[51]

**1.     DEFENDANTS THREATENED TO COLLECT AMOUNTS NOT DUE IN VIOLATION OF THE FDCPA.**

On or about January 28, 2005, Defendants mailed a letter to Plaintiff which contained the following language:

---

[46]  *Turner v. Cook*, 362 F.3d 1219, 1227-1228 (9th Cir. 2004);  *Romine v. Diversified Collection Servs.*, 155 F.3d 1142, 1145 (9th Cir. 1998);  *De Coito v. Unifund Corp.*, 2004 U.S. Dist. LEXIS 23729 at *8 (D. HI January 4, 2004);  *United States v. Trans Continental Affiliates*, 1997 U.S. Dist. LEXIS 388 at *8 (N.D. Cal. January 8, 1997).

[47]  Declaration of Fred W. Schwinn in Support of Motion for Summary Judgment, Exhibit "2" at ¶¶ 1, 2, 5, 8, 18, and 19, Exhibit "3" at ¶¶ 1, 2, 5, 8, 18, and 19.

[48]  *See Hartman v. Meridian Financial Services, Inc.*, 191 F. Supp. 2d 1031, 1046-47 (W.D. Wis. 2002) ("One false or misleading statement in a collection letter renders the entire communication false or misleading and constitutes one violation");  *See also, Cacace*, 775 F. Supp. at 505;  *Traverso v. Sharinn*, 1989 U.S. Dist. LEXIS 19100 at *4 (D. Conn. Sept. 15, 1989);  *Picht v. Jon R. Hawks, Ltd.*, 236 F.3d 446, 451 (8th Cir. 2001);  *Bentley*, 6 F.3d at 62.

[49]  *See Pittman v. J.J. Mac Inttyre Co. of Nevada, Inc.*, 969 F. Supp. 609, 613 (D. Nev. 1997);  *See also Russell*, 74 F.3d at 36 ("Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages.").

[50]  *Bentley*, 6 F.3d at 63 (no non-actionable violations of FDCPA);  *Taylor*, 103 F.3d at 1234 (failure "to comply with any provision of the FDCPA" leads to liability).

[51]  *Baker*, 677 F.2d at 780;  *Clomon*, 988 F.2d at 1319.

---

You are cautioned that unless you pay the outstanding balance as set forth above within thirty-five (35) days, you may very well have to pay the following additional amounts:

(1) Costs of collecting the amount of the check, including reasonable attorney's fees; and

(2) Interest accruing at the maximum legally permissible rate from the date of dishonor; and

(3) Such further damages as the court may award or such other amounts as legally permitted.[52]

Defendants threatened to collect interest, attorney fees, collection fees or other charges from Plaintiff that were not expressly authorized by the agreement creating the debt or otherwise permitted by law. The underlying debt being collected was incurred as a "deferred deposit transaction" subject to the provisions of California Financial Code § 23036, which provides in pertinent part:

(d) A licensee who enters into a deferred deposit transaction agreement, or any assignee of that licensee, shall not be entitled to recover damages for that transaction in any action brought pursuant to, or governed by, Section 1719 of the Civil Code.

(e) A fee not to exceed fifteen dollars ($15) may be charged for the return of a dishonored check by a depository institution in a deferred deposit transaction. A single fee charged pursuant to this subdivision is the exclusive charge for a dishonored check. No fee may be added for late payment.

(f) No amount in excess of the amounts authorized by this section shall be directly or indirectly charged by a licensee pursuant to a deferred deposit transaction.

15 U.S.C. § 1692e(2) provides as follows:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2) The false representation of --

(A) the character, amount, or legal status of any debt; or

(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

Defendants threat to collect attorney's fees, interest and damages misrepresented "the character,

---

[52] Complaint ¶13; Answer 2:9-10; Declaration of Jose Guadalupe Mejia in Support of Motion for Summary Judgment at ¶¶ 5 and 6, Exhibit "1."

amount or legal status" of the debt, in violation of 15 U.S.C. § 1692e(2), because these amounts could not be legally charged or collected under California law.[53]

Further, the language in the Defendants' collection letter violates 15 U.S.C. § 1692e(5), which provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> …
>
> (5)  The threat to take any action that cannot legally be taken or that is not intended to be taken.

By threatening to collect attorney's fees, interest and damages that are not authorized under California law,[54] Defendants threatened to take an action that "cannot legally be taken," which is a clear violation of 15 U.S.C. § 1692e(5).

Defendant's collection letter also violates 15 U.S.C. § 1692e(10).  This section provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> …
>
> (10)  The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

Defendants' collection letter, falsely represented the legal authority to collect attorney's fees, interest and damages.[55]  Therefore, Defendants have also violated 15 U.S.C. § 1692e(10).

Finally, the language in Defendants' collection letter violates 15 U.S.C. § 1692f(1), which provides as follows:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

---

[53]  California Financial Code § 23036.

[54]  California Financial Code § 23036.

[55]  California Financial Code § 23036.

1

> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

2

3

4   By threatening to collect attorney's fees, interest and damages that are not "permitted by law,"[56]

5   Defendants have violated 15 U.S.C. § 1692f(1).[57]

6   **2.    DEFENDANTS' FALSE THREAT OF SUIT VIOLATED THE FDCPA.**

7           Defendants' collection letter refers to the debt as "Case Number: 5091989."[58]   It also

8   threatens to collect "attorney's fees" and "damages as the court may award."[59]   This language

9   implies to the least sophisticated consumer that Defendants could or would file a lawsuit against

10  Plaintiff.   However, Defendants have never filed a lawsuit in Santa Clara County, California to

11  collect a debt as they threatened in the collection letter.[60]   Therefore, Defendants false threat that a

12  lawsuit would be filed states a violation 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10).

13          15 U.S.C. § 1692e(5) prohibits, "The threat to take any action … not intended to be taken."

14  In this case, Defendants threatened Plaintiff with a lawsuit despite the fact that they have never filed

15  a lawsuit to collect a debt in Santa Clara County, California.   By threatening to take an action that

16

17

18

19          [56]  California Financial Code § 23036.

20          [57]   *Heintz v. Jenkins*, 541 U.S. 291, 115 S. Ct. 1489, 131 L. Ed. 2d 395 (1995)
21  (misrepresentation of amount due because amount included unauthorized forced placed insurance
    premiums);  *Duffy v. Landberg*, 215 F.3d 871 (8th Cir. 2000), *rehearing denied*, 2000 U.S. App.
22  LEXIS (8th Cir. July 10, 2000) (attempts to collect very small interest overcharges violated the plain
    language of § 1692f(1)).
23

24          [58] Declaration of Jose Guadalupe Mejia in Support of Motion for Summary Judgment at ¶11,
    Exhibit "1."
25
            [59] Declaration of Jose Guadalupe Mejia in Support of Motion for Summary Judgment at ¶12,
26  Exhibit "1."

27          [60]  Declaration of Fred W. Schwinn in Support of Motion for Summary Judgment, Exhibit
    "2" at ¶ 25, Exhibit "3" at ¶ 25.
28

was "not intended to be taken,"[61] Defendants violated 15 U.S.C. § 1692e(5).[62]

Further, 15 U.S.C. § 1692e(10) prohibits, "The use of any false representation or deceptive means to collect or attempt to collect any debt . . ."  By threatening to file a lawsuit against Plaintiff, the Defendants used a "false representation or deceptive means to collect"[63] a debt.  This states a violation of 15 U.S.C. § 1692e(10).

Finally, 15 U.S.C. § 1692e provides "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."  By sending Plaintiff a collection letter that threatened to file a lawsuit if immediate payment was not made, Defendants created a false sense of urgency—a misrepresentation which violates 15 U.S.C. § 1692e.[64]

### 3. DEFENDANTS' DEMAND FOR VERIFICATION OF PAYMENT VIOLATES THE FDCPA.

Defendants' collection letter states:

> If you believe you have paid for this check already or someone has made a mistake, please call us so we can get the problem resolved.  (*Verification of payment will be*

---

[61]  15 U.S.C. § 1692e(5).

[62]  *Irwin v. Mascott*, 96 F. Supp. 2d 968 (N.D. Cal. 1999) (creditor rarely, if ever, sued); *Baker v. G.C. Servs. Corp.*, 677 F.2d 775 (9th Cir. 1982) (collector who did not ever take legal action falsely implied that it would do so); *Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22 , 25-26 (2d Cir. 1989) (only action then contemplated was attempt at telephone contact); *Bentley*, 6 F.3d at  26 (implied legal action was imminent when not in fact the case); *National Financial Services, Inc.*, 98 F.3d at 138 (false implication of legal action).

[63]  15 U.S.C. § 1692e(10).

[64]  *Schweizer v. Trans Union Corp.*, 136 F.3d 233, 237 (2d Cir. 1998);  *Rosa v. Gaynor*, 784 F. Supp. 1, 5 (D. Conn. 1989); *Trans World Accounts, Inc. v. F.T.C.*, 594 F.2d 212, 215 (9th Cir. 1979); Statements of General Policy or Interpretation Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50097, 50106 (1988): §807(10)-2 ("Communication format.  A debt collector may not communicate by a format or envelope that misrepresents the nature, purpose or urgency of the message.  It is a violation to send any communication that conveys to the consumer a false sense of urgency.")

---

MEMORANDUM OF POINTS AND AUTHORITIES -13-                    Case No.  C06-00520-HRL

1      *required.*)[65]

2 The above emphasized language in Defendants' collection letter contradicts the language in the

3 collection letter explaining the Plaintiff's validation rights under the FDCPA (15 U.S.C. § 1692g),

4 which allows Plaintiff to dispute the debt and request verification without providing proof of

5 payment.[66]  This contradiction states a violation of 15 U.S.C. § 1692g.

6 **D.**     **DEFENDANTS HAVE VIOLATED THE RFDCPA.**

7      The California Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civil Code

8 § 1788.17 incorporates most of the FDCPA by reference into the RFDCPA.  As such, any violation

9 of the FDCPA is also a violation of the RFDCPA.  Plaintiff argues that the California legislature

10 passed Cal. Civil Code § 1788.17 with the purpose of enhancing enforcement of the FDCPA's

11 provisions and enhancing the statutory damages recoverable by consumers for violations of these

12 important consumer protection statutes.  The California legislature has expressed their cumulative

13 intent in Cal. Civil Code § 1788.32 which provides in pertinent part as follows:

14        The remedies provided herein are intended to be cumulative and are in addition to
15        any other procedures, rights, or remedies under any other provision of law.

16      Therefore, each and every violation of the FDCPA discussed above states a violation of the

17 RFDCPA.

18     **1.**     **DEFENDANTS VIOLATED CAL. CIVIL CODE § 1788.17.**

19 Cal. Civil Code § 1788.17 provides as follows:

20        Notwithstanding any other provision of this title, every debt collector collecting or
21        attempting to collect a consumer debt shall comply with the provisions of Sections
       1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k
22        of, Title 15 of the United States Code.

23      As explained above, Defendants violated 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5),

24

25      [65] <u>Declaration of Jose Guadalupe Mejia in Support of Motion for Summary Judgment</u> at ¶12,
Exhibit "1" (emphasis added).
26

27      [66]  *See DeSantis v. Computer Credit, Inc.*, 269 F.3d 159 (2nd Cir. 1997); *Castro v. ARS
National Servs., Inc.*, 200 U.S. Dist. LEXIS 2618 (S.D.N.Y. Mar. 8, 2000); and *Sambor v. Omnia
Credit Services, Inc.*, 183 F. Supp. 2d 1234 (D. HI 2002).
28

---

1   1692e(10), 1692f(1) and 1692g.  Each of these violations of federal law is also a separate violation

2   of Cal. Civil Code § 1788.17, which requires compliance with the FDCPA.

3        **2.**      **DEFENDANTS VIOLATED CAL. CIVIL CODE § 1788.10(f).**

4   Cal. Civil Code § 1788.10(f) provides as follows:

5   No debt collector shall collect or attempt to collect a consumer debt by means of the
    following conduct.

6            …

7        (f)  The threat to take any action against the debtor which is prohibited by this title.

8       As explained above, Defendants threatened to collect attorney's fees, interest and damages

9   that are not authorized under California law, threatened to take an action that cannot legally be

10   taken, threatened to take an action that was not intended to be taken, and threatened to file a lawsuit

11   if immediate payment was not made.  All of Defendants' threats were prohibited by the RFDCPA

12   and each threat states a separate violation of Cal. Civ. Code § 1788.10(f).

13        **3.**      **DEFENDANTS VIOLATED CAL. CIVIL CODE § 1788.13(e).**

14   Cal. Civil Code § 1788.13(e) provides as follows:

15   No debt collector shall collect or attempt to collect a consumer debt by means of the
    following practices:

16            …

17       (e) The false representation that the consumer debt may be increased by the addition
      of attorney's fees, investigation fees, service fees, finance charges, or other charges
18       if, in fact, such fees or charges may not legally be added to the existing obligation;

19       As explained above, Defendants falsely represented the legal authority to collect attorney's

20   fees, interest and damages when, in fact, such attorney fees or interest charges could not legally be

21   added to Plaintiff's debt to California Budget Finance.  By falsely representing their legal authority

22   to collect attorney's fees and interest charges, Defendants have violated Cal. Civil Code §

23   1788.13(e).

24        **4.**      **DEFENDANTS VIOLATED CAL. CIVIL CODE § 1788.13(j).**

25   Cal. Civil Code § 1788.13(j) provides as follows:

26   No debt collector shall collect or attempt to collect a consumer debt by means of the
    following practices:

27            …

28

---

1                (j)  The false representation that a legal proceeding has been, is about to be, or will

2                be instituted unless payment of a consumer debt is made;

3       As explained above, Defendants falsely threatened Plaintiff with a lawsuit despite the fact

4 that they have <u>never</u> filed a lawsuit to collect a debt in Santa Clara County, California.  By falsely

5 representing that legal proceedings had been, were about to be, or would be instituted against

6 Plaintiff, Defendants have violated Cal. Civil Code § 1788.13(j).

7 **E.   THIS COURT SHOULD AWARD PLAINTIFF THE MAXIMUM STATUTORY**
**DAMAGE AMOUNT OF $1,000 UNDER THE FDCPA.**

8

9       The maximum statutory damage award available under the FDCPA is a modest $1,000.

10 Courts have therefore awarded the maximum amount even when the violations found were less

11 numerous and egregious than those herein.  For example, in *Riviera v. M.A.B.*,[67] the court awarded

12 the maximum $1,000 because the validation notice appeared on the back of the letter, in relatively

13 small print, with no reference to it on the front of the letter.  Thus, even though the notice was

14 accurate, the court determined a $1,000 award was appropriate.  Furthermore, in *Tolentino v.*

15 *Friedman*,[68] the Seventh Circuit upheld the maximum statutory award of $1,000 despite finding that

16 only one provision of the FDCPA had been proven.  In that case the debt collector had included a

17 disclosure required 15 U.S.C. § 1692e(11) in its initial notice, but had failed to include it in a

18 subsequent notice.  The present case involves at least 8 violations of the FDCPA.  Thus, the

19 violations herein are more numerous and meaningful than in those cases, and therefore the Court

20 should award the maximum amount of statutory damages under 15 U.S.C. § 1692k(a)(2)(A), which

21 is $1,000.

22 **F.   PLAINTIFF SHOULD BE AWARDED $1,000 UNDER CAL. CIVIL CODE §**
**1788.30(b).**

23

24       The Cal. Civil Code § 1788.30 states that any debt collector who fails to comply with any

25 provision is liable to such debtor in an amount equal to his/her actual damages, and in the case of

26

27     [67]  682 F. Supp. 174 (W.D.N.Y. 1988).

28     [68]  46 F.3d 645 (7th Cir. 1995).

---

MEMORANDUM OF POINTS AND AUTHORITIES -16-          Case No.  C06-00520-HRL

1   a debt collector who willfully and knowingly violates the RFDCPA, the Court may award a penalty

2   in an amount not less than $100 nor greater than $1,000.  Cal. Civil Code § 1788.30(b).

3         In this case Defendants have violated Cal. Civil Code § 1788.17 which is remedied by the

4   statutory penalty provisions of Cal. Civil Code § 1788.30.  Thus, the Plaintiff is entitled to the full

5   $1,000 statutory award under Cal. Civil Code § 1788.30.

6   **G.   PLAINTIFF SHOULD BE AWARDED $1,000 UNDER CAL. CIVIL CODE § 1788.17.**

7         Cal. Civil Code § 1788.17 provides that:

8         Notwithstanding any other provision of this title, every debt collector collecting or
          attempting to collect a consumer debt shall comply with the provisions of Sections
9         1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k
          of Title 15 of the United States Code.  However, subsection (11) of Section 1692e
10        and Section 1692g shall not apply to any person specified in paragraphs (A) and (B)
          of subsection (6) of Section1692a of Title 15 of the United States Code or that
11        person's principal.  Cal. Civil Code § 1788.17.

12        In this case Defendants have violated Cal. Civil Code § 1788.17 which is remedied by the

13  statutory damages provisions of 15 U.S.C. § 1692k(a)(2)(A).  Thus, the Plaintiff is entitled to the

14  full $1,000 statutory award under Cal. Civil Code § 1788.17.

15  **H.   BOTH CONGRESS AND THE CALIFORNIA LEGISLATURE HAVE EXPRESSED**
        **THEIR INTENT THAT THE REMEDIES FOR VIOLATIONS OF THE FDCPA AND**
16      **RFDCPA BE CUMULATIVE.**

17        Cal. Civil Code § 1788.32 states that:

18        The remedies provided herein are intended to be cumulative and are in addition to
          any other procedures, rights, or remedies under any other provision of law.
19

20        Thus, a violation of the federal statute can lead to damages under the federal FDCPA and a

21  violation of the California statute leads to damages under the RFDCPA.  Indeed, the FDCPA

22  expressly states:

23        [t]his subchapter does not annul, alter, or affect, or exempt any person subject to the
          provisions of this subchapter from complying with the law of any State with respect
24        to debt collection practices, except to the extent that those laws are in consistent with
          any provision of this subchapter, and then only to the extent of the inconsistency.
25        15 U.S.C. § 1692n.

26        Moreover, courts both within and outside the Ninth Circuit, have allowed statutory damages

27

28

MEMORANDUM OF POINTS AND AUTHORITIES -17-                    Case No.  C06-00520-HRL

1  under both federal and state consumer protection statutes.[69] Thus, the Court should not be reluctant

2  to assess the maximum possible statutory damages under both federal and state law.  As this  Court

3  has noted, Cal. Civil Code § 1788 was amended to expand the remedies of the RFDCPA, including

4  an expansion of the statutory damages available under the state law.[70]

5      Additionally, this Court has concluded that rather than drafting new language to the

6  RFDCPA, the legislature simply incorporated entire sections of the FDCPA by reference.[71] Indeed,

7  this Court stated "California simply incorporated by reference the text of certain federal provisions

8  into the CFDCPA, rather than copying them verbatim into the California code.  Any resulting

9  liability, however, remains a state claim."  *Id.*  In a separate case, this Court went on to hold that a

10  violation of 15 U.S.C. § 1692g was also a violation of Cal. Civil Code § 1788.17.[72]  Thus, by

11  incorporating 15 U.S.C. § 1692k by reference (and its statutory damages of $1,000), the California

12  legislature chose to make the additional $1,000 available, as a matter of state law, when it enacted

13  Cal. Civil Code § 1788.17.

14  **I.      PLAINTIFF HAS A STATUTORY RIGHT TO ATTORNEY'S FEES AND COSTS.**

15      Both the federal FDCPA and California RFDCPA direct the Court to award attorney's fees

16  to a prevailing consumer.  15 U.S.C. § 1692k(a)(3) & Cal. Civil Code § 1788.30(c).  A number of

17  cases decided under 15 U.S.C. § 1692k have held that an award of attorney fees and costs is required

18  if the plaintiff prevails.[73] The Court should award the Plaintiff her reasonable attorney fees and costs

19  ───────────────

20      [69]  *Sakuma v. First National Credit Bureau*, 1989 U.S. DIST. LEXIS 19120 (D. HI.
   November 15, 1989); *Mann v. Acclaim*, 348 F. Supp. 2d 923 (S.D. OH. 2004); *Chapman v. ACB*
21  *Business Services*, Inc., 1997 U.S. Dist. LEXIS 23743 (S.D. W.V. February 13, 1997).

22      [70]  *Abels v. JBC Legal Group, P.C.*, 227 F.R.D. 541, 548 (N.D. Cal. 2005) (The mandatory
   language in the amendment—" . . . shall be subject to the remedies in Section 1692k" leaves little
23  doubt as to the intent of the legislature to broaden the remedies for RFDCPA.)

24      [71]  *Alkan v. Citimortgage, Inc.*, 336 F. Supp. 2d 1061, 1065 (N.D. Cal. 2004).

25      [72]  *Edstrom v. A.S.A.P. Collection Services*, 2005 U.S. Dist. LEXIS 2773, *15 (N.D. Cal.
26  February 22, 2005).

27      [73]  *See, e.g. Zagorski v. Midwest Billing Services, Inc.*, 178 F.3d 116 (7th Cir. 1997) (holding
28  it was an abuse of discretion not to award attorney's fees following a stipulated judgment in the

───────────────

1  incurred in this matter.

2  **VII.  CONCLUSION**

3       For the reasons set forth above, Plaintiff is entitled to summary judgment as a matter of law:

4  1) declaring that the Defendants violated the Fair Debt Collection Practices Act,  15 U.S.C. §§

5  1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f(1) 1692g and, in the alternative 1692g(a)(1);

6  2) declaring that the Defendants violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil

7  Code §§ 1788.10(f), 1788.10(e), 1788.13(j) and 1788.17;  3) awarding the Plaintiff statutory

8  damages in an amount not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A); 4) awarding

9  the Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to Cal. Civil Code §

10  1788.17; 5) awarding the Plaintiff a statutory penalty in an amount not less than $100 nor greater

11  that $1,000 pursuant to Cal. Civil Code § 1788.30(b); 6) awarding the Plaintiff the costs of this

12  action and reasonable attorney's fees pursuant to 15 U.S.C.§ 1692k(a)(3) and Cal. Civil Code §§

13  1788.17 and 1788.30(c); and 7) awarding the Plaintiff such other and further relief as may be just

14  and proper.

15

16  Dated:  February 6, 2007           CONSUMER LAW CENTER, INC.

17

18  By: /s/ Fred W. Schwinn
           Fred W. Schwinn, Esq.
           Attorney for Plaintiff

19             JOSE GUADALUPE MEJIA

20

21

22

23

24  ───────────

25  amount of $100; and directing the court to award fees sufficient to compensate the attorney for the
time spent on the case in order to encourage enforcement of the FDCPA); *Pipiles v. Credit Bureau*,

26  Inc., 886 F.2d 22 (2d Cir. 1989) (directing trial court to award fees on remand despite the lack of
actual or statutory damages because Plaintiff had demonstrated that Defendant violated the FDCPA);

27  *Perez v. Perkiss*, 742 F.Supp. 883 (D.Del. 1990) (awarding Plaintiffs' legal services attorneys

28  $10,110 after a half-day jury trial in which Plaintiff was awarded $1,200 in damages).