1  Fred W. Schwinn (SBN 225575)
   CONSUMER LAW CENTER, INC.
2  12 South First Street, Suite 416
   San Jose, California 95113-2404
3  Telephone Number: (408) 294-6100
   Facsimile Number: (408) 294-6190
4  Email Address: fred.schwinn@sjconsumerlaw.com

5  Attorney for Plaintiff
   JOSE GUADALUPE MEIJA
6

7

8              **IN THE UNITED STATES DISTRICT COURT**
            **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
9                      **SAN JOSE DIVISION**

10 JOSE GUADALUPE MEIJA,                    Case No.  C06-00520-HRL

11                     Plaintiff,           **PLAINTIFF'S FIRST REQUEST FOR**
                                            **ADMISSIONS PROPOUNDED TO**
12 v.                                       **MARAUDER CORPORATION**

13 MARAUDER CORPORATION, D/B/A
   NATIONWIDE CAPITAL RECOVERY,            ┌─────────────────┐
14 D/B/A THE OFFICES OF COLLECTION         │   **EXHIBIT**   │
   PROFESSIONAL SERVICES, a California      │                 │
15 corporation, and RYON ALAN GAMBILL,      │   tabbies  2    │
   individually and in his official capacity,│                 │
16                                          └─────────────────┘

17                     Defendants.

18

19 TO:    Marauder Corporation
          c/o Eric F. Hartman, Esq.
20        Law Offices of Eric F. Hartman
          300 South First Street, Suite 210
21        San Jose, CA  95113

22        COMES NOW the Plaintiff and pursuant to Rule 36 of the Federal Rules of Civil Procedure

23 hereby requests Defendant, MARAUDER CORPORATION, make the following admissions under

24 oath and within thirty (30) days from the service of this request, for the purpose of this action only,

25 and subject to all objections as to admissibility which may be interposed at the trial, as to the

26 genuineness of the following described documents and/or truth of the following facts, all as

27 hereinafter set out.

28        Notice is also given that each matter of which an admission is requested is admitted unless

                                          -1-

1  within the time specified after service of the request or within such shorter or longer time as the

2  Court may allow, the party to whom the request is directed serves upon the party requesting the

3  admission a written answer or objection addressed to the matter, signed by the party or by his/her

4  attorney. If objection is made, the reasons therefore shall be stated. The answer shall specifically

5  deny the matter, or set forth in detail the reasons why the answering party cannot truthfully admit

6  or deny the matter. A denial shall fairly meet the substance of the requested admission, and when

7  good faith requires that a party qualify his/her answer to deny only a part of the matter of which an

8  admission is requested, that party shall specify so much of it as is true and qualify or deny the

9  remainder. An answering party may not give lack of information or knowledge as a reason for

10  failure to admit or deny unless s/he states that s/he has made reasonable inquiry and that the

11  information known or readily obtainable by him/her is insufficient to enable him/her to admit or

12  deny. A party who considers that a matter of which an admission has been requested presents a

13  genuine issue for trial may not, on that ground alone, object to the request; s/he may, subject to the

14  provision of Rule 37(c) of the Federal Rule of Civil Procedure, deny the matter or set forth reasons

15  why he cannot admit or deny it.

16         Any admission made by a party is for the purpose of this action only and is not an admission

17  by him/her for any other purpose and may not be used against him/her in any other proceeding.

18         Notice is also given that under the provisions of Rule 37(c)(2) of the Federal Rule of Civil

19  Procedure if a party fails to admit the genuineness of any documents or the truth of any matter, as

20  requested under Rule 36 of the Federal Rules of Civil Procedure, and if the party requesting the

21  admission thereafter proves the genuineness of the document or the truth of the matter, that party

22  may apply to the Court for an order requiring the other party to pay the reasonable expenses incurred

23  in making such proof, including a reasonable attorney fee.

24                                    **DEFINITIONS**

25         As used herein, the terms listed below are defined as follows:

26  A.     The term "Complaint" refers to Plaintiff's Complaint in the above styled action.

27  B.     The term "Answer" refers to Defendants' Answer in the above styled action.

28  C.     The terms "person" or "persons" shall mean all entities, including but not limited to

-2-

1    individuals, groups or associations however formed.

2  D.   The term "you" refers to Defendant, MARAUDER CORPORATION, including all past and

3       current employees and agents of this Defendant, and any individual over which this

4       Defendant exercises the power to control and direct and RYON ALAN GAMBILL.

5  E.   The term "Exhibit "1" refers to the original of Exhibit "1" attached to the Plaintiff's

6       Complaint in this case.

7  F.   The term "the debt" refers to the obligation allegedly owed to QC FINANCIAL which you

8       were attempting to collect from the Plaintiff.

9  G.   Pursuant to U.S.C. 15 1692a(6), the term "debt collector" means any person who uses any

10      instrumentality of interstate commerce or the mails in any business the principal purpose of

11      which is the collection of any debts, or who regularly collects or attempts to collect, directly

12      or indirectly, debts owed or due or asserted to be owed or due another.

13                           **ADMISSIONS REQUESTED**

14  1.  Plaintiff, JOSE GUADALUPE MEJIA, is a "consumer" within the meaning of 15 U.S.C. §

15      1692a(3).

16  2.  Plaintiff, JOSE GUADALUPE MEJIA, is a "debtor" within the meaning of Cal. Civil Code

17      § 1788.2(h).

18  3.  Defendant, MARAUDER CORPORATION, uses the business name "NATIONWIDE

19      CAPITAL RECOVERY."

20  4.  Defendant, MARAUDER CORPORATION, uses the business name "THE OFFICES OF

21      COLLECTION PROFESSIONAL SERVICES."

22  5.  Defendant, MARAUDER CORPORATION, is a "debt collector" within the meaning of 15

23      U.S.C. § 1692a(6).

24  6.  The principal business of Defendant, MARAUDER CORPORATION, is the collection of

25      consumer debts owed or alleged to be owed to another.

26  7.  Defendant, MARAUDER CORPORATION, regularly collects or attempts to collect

27      consumer debts on behalf of its clients.

28  8.  Defendant, MARAUDER CORPORATION, is a "debt collector" within the meaning of Cal.

                                    -3-

1      Civil Code § 1788.2(c).

2   9.   Defendant, RYON ALAN GAMBILL, is a "debt collector" within the meaning of 15 U.S.C.

3      § 1692a(6).

4   10.   Defendant, RYON ALAN GAMBILL, is an officer of MARAUDER CORPORATION.

5   11.   Defendant, RYON ALAN GAMBILL, is a director of MARAUDER CORPORATION.

6   12.   Defendant, RYON ALAN GAMBILL, is a manager of MARAUDER CORPORATION.

7   13.   Defendant, RYON ALAN GAMBILL's, duties include supervising the staff and the overall

8      operations of MARAUDER CORPORATION.

9   14.   Defendant, RYON ALAN GAMBILL, sets and approves MARAUDER CORPORATION's

10      collection policies, practices and procedures.

11   15.   Defendant, RYON ALAN GAMBILL, authorized MARAUDER CORPORATION's use of

12      the letter dated January 27, 2005 (Exhibit "1") attached to the Plaintiff's Complaint.

13   16.   Defendant, RYON ALAN GAMBILL, approved MARAUDER CORPORATION's use of

14      the letter dated January 27, 2005 (Exhibit "1") attached to the Plaintiff's Complaint.

15   17.   Defendant, RYON ALAN GAMBILL, is a "debt collector" within the meaning of Cal. Civil

16      Code § 1788.2(c).

17   18.   The financial obligation owed to QC FINANCIAL by the Plaintiff is a "debt" as that term

18      is defined by 15 U.S.C. § 1692a(5).

19   19.   The financial obligation owed to QC FINANCIAL by the Plaintiff is a "consumer debt" as

20      that term is defined by Cal. Civil Code § 1788.2(f).

21   20.   QC FINANCIAL is licensed by the California Department of Corporations to engage in the

22      business of deferred deposit transactions under the California Deferred Deposit Transaction

23      Law ("CDDTL"), California Financial Code § 23000 *et seq.*

24   21.   The financial obligation owed QC FINANCIAL by the Plaintiff resulted from a deferred

25      deposit transaction governed by California Financial Code § 23036.

26   22.   Defendant, MARAUDER CORPORATION, was attempting to collect the financial

27      obligation owed QC FINANCIAL by the Plaintiff.

28   23.   The letter dated January 27, 2005 (Exhibit "1") attached to the Plaintiff's Complaint was

FIRST REQUEST FOR ADMISSIONS                         Case No C06-00520-HRL

1    Defendant, MARAUDER CORPORATION's, first and only communication with the
2    Plaintiff in connection with the collection of the debt owed to QC FINANCIAL.

3  24.   Defendant, MARAUDER CORPORATION, did not file a lawsuit against the Plaintiff to
4        collect the financial obligation owed to QC FINANCIAL.

5  25.   Defendant, MARAUDER CORPORATION, has never filed a collection lawsuit against a
6        consumer in Santa Clara County, California.

7  26.   Defendant, MARAUDER CORPORATION, has never filed a collection lawsuit against a
8        consumer the state of California.

9  27.   Defendant, MARAUDER CORPORATION, did not intend to file a lawsuit against the
10       Plaintiff to collect the financial obligation owed to QC FINANCIAL on January 27, 2005.

11 28.   The letter dated January 27, 2005 (Exhibit "1") attached to the Plaintiff's Complaint is a true
12       and correct copy of the original.

13 29.   The letter dated January 27, 2005 (Exhibit "1") attached to the Plaintiff's Complaint is
14       genuine and admissible in trial without objection.

15 30.   On January 27, 2005, Defendant, MARAUDER CORPORATION, did not maintain any
16       procedures designed to avoid violations of the federal Fair Debt Collection Practices Act,
17       15 U.S.C. § 1692 *et seq.*

18 31.   On January 27, 2005, Defendant, MARAUDER CORPORATION, did not maintain any
19       procedures designed to avoid violations of the California Rosenthal Fair Debt Collection
20       Practices Act, Cal. Civil Code § 1788 *et seq.*

21 32.   Defendant, MARAUDER CORPORATION, has no valid affirmative defense to claims made
22       in the Plaintiff's Complaint.

23 33.   An inquiry, reasonable under the circumstances, was not performed by Defendant,
24       MARAUDER CORPORATION, prior to filing its Answer to the Plaintiff's Complaint in
25       this case.

26 34.   Defendant, MARAUDER CORPORATION's, Answer to Plaintiff's Complaint is designed
27       in part to cause unnecessary delay or increase the cost of litigation in this case.

28 35.   Not all of the defenses and other legal contentions contained in the Defendant, MARAUDER

-5-

1    CORPORATION's Answer to the Plaintiff's Complaint are warranted by existing law.

2  36.  Not all of the defenses and other legal contentions contained in the Defendant, MARAUDER

3    CORPORATION's, Answer to the Plaintiff's Complaint are warranted by a non-frivolous

4    argument for the extension, modification or reversal of existing law or the establishment of

5    new law.

6  37.  Not all of the denials of factual contentions contained in the Defendant, MARAUDER

7    CORPORATION's Answer to the Plaintiff's Complaint are warranted by the evidence or

8    reasonably based on a lack of information or belief in this case.

9

10                                CONSUMER LAW CENTER, INC.

11

12                       By:_____
                             Fred W. Schwinn (SBN 225575)
                             12 South First Street, Suite 416
13                           San Jose, California 95113-2404
                             Telephone Number: (408) 294-6100
14                           Facsimile Number: (408) 294-6190
                             Email: fred.schwinn@sjconsumerlaw.com
15                               Attorney for Plaintiff

16

17                    **CERTIFICATE OF SERVICE**

18        The undersigned, Fred W. Schwinn, does hereby certify that he caused a true and correct

19  copy of the above and foregoing document to be deposited in the United States mail, postage

20  prepaid, addressed to the following:

21        Eric F. Hartman, Esq.
          Law Offices of Eric F. Hartman
22        300 South First Street, Suite 210
          San Jose, CA 95113
23             Attorney for Defendants

24  on this, the 5th day of August, 2006.

25                       _____
                             Fred W. Schwinn

26

27

28
                            -6-