*E-FILED: 3/15/2007*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOSE GUADALUPE MEJIA,<br><br>   Plaintiff,<br>   v.<br><br>MARAUDER CORPORATION dba<br>NATIONWIDE CAPITAL RECOVERY dba<br>THE OFFICES OF COLLECTION<br>PROFESSIONAL SERVICES and RYON<br>ALAN GAMBILL, individually and in his<br>official capacity,<br><br>   Defendants.<br>_____/ | No. C06-00520 HRL<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>**[Re: Docket No. 34]** |

Plaintiff Jose Guadalupe Mejia moves for summary judgment, or in the alternative, partial summary judgment. Defendants Marauder Corporation ("Marauder") and Ryon Alan Gambill ("Gambill") opposed the motion. Having considered the papers filed by the parties, as well as the arguments presented at the March 13, 2007 hearing, this court grants the motion in part and denies the motion in part.[1]

## I. BACKGROUND

This action arises from alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, based upon a single collection letter defendants sent to plaintiff. Pursuant to this court's supplemental jurisdiction under 28 U.S.C. § 1367, plaintiff also asserts

---

[1] Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned.

1  claims under the California Rosenthal Fair Debt Collection Practices Act (RFDCPA), Cal. Civ.
2  Code §§ 1788-1788.33.  On the record presented, there is no material dispute as to the following
3  facts:

4        On or about August 9, 2004, plaintiff entered into a short-term payday loan
5  transaction with QC Financial Services of California, Inc. d/b/a California Budget Finance.  In
6  this transaction, plaintiff provided California Budget Finance with a personal check, post-dated
7  by approximately two weeks, in the amount of $176.47.  He received $150.00 in cash as the
8  loan proceeds.  (Mejia Decl., ¶ 2; Schwinn Decl., Ex. 4 at 100014 and 100016).  The difference
9  of $26.47 represented fees and interest charged by California Budget Finance.  (*Id*.).

10        Plaintiff apparently did not have sufficient funds to cover his post-dated check, and his
11  bank returned it to California Budget Finance as unpaid.  California Budget Finance added a
12  $15.00 service fee to the loan, bringing the outstanding balance to $191.47.  (*See* Schwinn
13  Decl., Ex. 4 at p. 100016).  Because this debt was incurred primarily for personal, family or
14  household purposes (*see* Mejia Decl., ¶ 2), it meets the FDCPA's definition of "debt" and the
15  RFDCPA's definition of "consumer debt."[2]  (*See* Schwinn Decl., Ex. 2 at ¶¶ 18-19; Ex. 3 at
16  ¶¶18-19).[3]

---

[2]  Under the FDCPA, "[t]he term 'debt' means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment."  15 U.S.C. § 1692a(5).

Under the RFDCPA, "[t]he terms 'consumer debt' and 'consumer credit' mean money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction."  CAL. CIV. CODE § 1788.2(f).  "The term 'consumer credit transaction' means a transaction between a natural person and another person in which property, services or money is acquired on credit by that natural person from such other person primarily for personal, family, or household purposes."  *Id*., § 1788.2(e).

[3]  The record presented indicates that the financial obligation at issue is a "debt" and a "consumer debt" under federal and state law; and, defendant Marauder admits the same.  Defendant Gambill objects to the submission of Marauder's admissions, arguing that they should not be applied to him.  However, he has not presented any evidence to the contrary or raised any triable issues here.

Plaintiff is a "consumer" under the FDCPA and a "debtor" under the RFDCPA.[4]  (*See* Schwinn Decl., Ex. 2 at ¶¶ 1-2; Ex. 3 at ¶¶1-2).[5]

The debt was transferred for collection to The Offices of Collection Professional Services, a business name used by defendant Marauder Corporation ("Marauder").  (*See* Schwinn Decl., Ex. 2, ¶¶ 3-4; Ex. 3 at ¶¶3-4).  Marauder admits that it is a "debt collector" under the FDCPA and the RFDCPA.  (*See id*., Ex. 2 at ¶¶ 5 and 8; Ex. 3 at ¶¶ 5 and 8).

On or about January 27, 2005, defendants mailed a collection letter – their first and only communication as to the debt in question – to plaintiff for an unpaid balance of $191.47, plus $5.79 in interest, for a total unpaid balance of $197.26.  (*See* Mejia Decl., Ex. 1; *see also* Complaint ¶ 23; Answer at 2:9-10).  That letter states, in pertinent part:

> The above-referenced check has not been accepted for payment by the authorized institution.  We have taken assignment of the debt from the victim for collection of the balance in full.  Our agency will enforce the original creditor's rights to the **fullest extent of the law!**
>
> You are cautioned that unless you pay the outstanding balance as set out above within thirty-five (35) days, you may very well have to pay the following additional amounts:
>
> (1)   Costs of collecting the amount of the check, including reasonable attorney's fees; and
>
> (2)   Interest accruing at the maximum legally permissible rate from the date of dishonor; and
>
> (3)   Such further damages as the court may award or such other amounts as legally permitted.
>
> Please contact this office by phone so that arrangements may be made

---

[4]   The FDCPA defines "consumer" as "any natural person obligated or allegedly obligated to pay any debt."  15 U.S.C. § 1692a(3).

Under the RFDCPA, except in cases of identity theft, "the term 'debtor' means a natural person from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing from such person."  CAL. CIV. CODE § 1788.2(h).  "The term 'person' means a natural person, partnership, corporation, limited liability company, trust, estate, cooperative, association or other similar entity."  *Id*., § 1788.2(g).

[5]   The record presented indicates that plaintiff meets the statutory definition of "consumer" and "debtor" under federal and state law; and, defendant Marauder admits the same.  Defendant Gambill objects to the submission of Marauder's admissions, arguing that they should not be applied to him.  However, he has not presented any evidence to the contrary or raised any triable issues here.

United States District Court
For the Northern District of California

      and any further action may be stopped.  If you believe you have paid for this check already or someone has made a mistake, please call us so we can get the problem resolved.  (Verification of payment will be required.)

(Mejia Decl., Ex. 1).  Defendants never filed a collection lawsuit against plaintiff with respect to this debt.

Plaintiff now moves for summary judgment (or, alternatively, for partial summary judgment) on all of his claims for relief.  He contends that defendants' collection letter violates the FDCPA and the RFDCPA.  He seeks an award of the maximum statutory damages of $1,000 available under each statute.

## II.  LEGAL STANDARD

A motion for summary judgment should be granted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c)); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  The moving party bears the initial burden of informing the court of the basis for the motion, and identifying portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits which demonstrate the absence of a triable issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  In order to meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial."  *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).

If the moving party meets its initial burden, the burden shifts to the non-moving party to produce evidence supporting its claims or defenses.  *See* FED. R. CIV. P. 56(e); *Nissan Fire & Marine Ins. Co., Ltd.*, 210 F.3d at 1102.  The non-moving party may not rest upon mere allegations or denials of the adverse party's evidence, but instead must produce admissible evidence that shows there is a genuine issue of material fact for trial.  *See id.*  A genuine issue of fact is one that could reasonably be resolved in favor of either party.  A dispute is "material" only if it could affect the outcome of the suit under the governing law.  *Anderson*, 477 U.S. at 248-49.

4

1    "When the nonmoving party has the burden of proof at trial, the moving party need only
2    point out 'that there is an absence of evidence to support the nonmoving party's case.'"
3    *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (quoting *Celotex Corp. v. Catrett*, 477
4    U.S. 317, 325 (1986)).  Once the moving party meets this burden, the nonmoving party may not
5    rest upon mere allegations or denials, but must present evidence sufficient to demonstrate that
6    there is a genuine issue for trial.  *Id*.

7    The standard applied to a motion seeking partial summary judgment is identical to the
8    standard applied to a motion seeking summary judgment of the entire case.  *Urantia Foundation*
9    *v. Maahera*, 895 F. Supp. 1335 (D. Ariz. 1995).

### III.  DISCUSSION

**A.**     **Plaintiff's Standing to Pursue the Instant Action**

12   On March 11, 2005 – a little over one month after the collection letter issued and several
13   months before the instant lawsuit was initiated – plaintiff filed a voluntary petition for Chapter
14   13 bankruptcy.  (*See* Hartman Decl., Ex. B).  The claims raised in the instant action were
15   identified in that petition as potential claims belonging to the estate.  (*See id*. at pp. 100058-59).
16   The bankruptcy court confirmed plaintiff's Chapter 13 plan on May 10, 2005.  (*See id*. at p.
17   100087-89).  The instant action was filed approximately eight months later on January 26, 2006.

18   As a threshold issue, defendants argue that plaintiff has no standing to prosecute the
19   instant action.  They contend that only the bankruptcy trustee may do so.  However, they have
20   failed to bring any pertinent authority to this court's attention, citing only to cases pertaining to
21   Chapter 7 and Chapter 11 debtors.

22   The parties have not cited, and this court has not found, binding precedent addressing a
23   Chapter 13 debtor's standing to pursue pre-petition claims in his own right.  Although lower
24   court decisions apparently are split on the issue, at least three circuits have concluded that
25   Chapter 13 debtors have standing to pursue claims against others when those claims belong to
26   the bankruptcy estate.  The Second Circuit has held that, based upon the legislative history of 11
27   U.S.C. Section 1303, "certainly it is intended that the debtor has the power to sue and be sued."

*Olick v. Parker & Parsley Petroleum Co.*, 145 F.3d 513, 516 (2d Cir. 1998). The *Olick* court further reasoned:

> It is also the case that in Chapter 13 proceedings (unlike Chapter 7 proceedings) the creditors' recovery is drawn from the debtor's earnings, not from the assets of the bankruptcy estate; it is only the Chapter 13 debtor who stands to gain or lose from efforts to pursue a cause of action that is an asset of the bankruptcy estate. Accordingly, the trustee's participation in such an action is generally not needed to protect the Chapter 13 creditors' rights.

*Id.* Similarly, the Seventh Circuit has concluded that "Chapter 13 grants the debtor possession of the estate's property, 11 U.S.C. § 1306(b), which is defined by § 541 to include 'all legal or equitable interests of the debtor in property as of the commencement of the case.'" *Cable v. Ivy Tech State College*, 200 F.3d 467, 472 (7th Cir. 1999). The court observed that "[i]t would frustrate the essential purpose of § 1306 to grant the debtor possession of the chose in action yet prohibit him from pursuing it for the benefit [of] the estate." *Id* at 473; *see also Maritime Elec. Co., Inc. v. United Jersey Bank*, 959 F.2d 1194, 1209 n.2 (3d Cir. 1991) ("Chapter 13 debtors are empowered to maintain suit even after a bankruptcy trustee has been appointed in their case: an essential feature of a chapter 13 case is that the debtor retains possession of and may use all the property of his estate, including his prepetition causes of action, pending confirmation of his plan.").

Here, the bankruptcy court provided plaintiff with notice that "[u]nder Chapter 13, unlike Chapter 7, you may keep all your property, both exempt and non-exempt, as long as you continue to make payments under the plan." (Hartman Decl., Ex. B at p. 100076). Moreover, plaintiff's Chapter 13 plan, which was approved by the bankruptcy court, indicates that property of the estate would "revest in the debtor(s) upon plan confirmation." (*Id.* at 100087). This court finds the reasoning of *Olick*, *Cable* and *Maritime Electric Co.* persuasive and concludes that plaintiff has standing to pursue the claims raised in the instant action.

**B.     Whether Defendant Gambill is a "Debt Collector"**

The FDCPA and the RFDCPA generally apply only to persons and entities that qualify as "debt collectors." The FDCPA defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of

6

which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Under the RFDCPA, "[t]he term 'debt collector' means any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection." CAL. CIVIL CODE § 1788.2(c). "The term includes any person who composes and sells, or offers to compose and sell, forms, letters, and other collection media used or intended to be used for debt collection, but does not include an attorney or counselor at law." *Id.*

As noted above, Marauder admits that it is a "debt collector." However, defendant Gambill contends that Marauder's admission cannot be applied to him. Generally, it is true that admissions of one defendant are not binding upon a co-defendant. *See Castiglione v. United States Life Ins. Co.*, 262 F. Supp.2d 1025, 1030 (D. Ariz. 2003). Nevertheless, Marauder admits that Gambill is a Marauder officer and director (*see* Schwinn Decl., Ex. 2 at ¶¶ 10-11; Ex. 3 at ¶¶ 10-11), and Gambill has not presented any evidence to the contrary. Plaintiff apparently seeks to hold Gambill liable as a "debt collector" on this basis. Thus, the issue before the court is whether, as a matter of law, Gambill is a "debt collector" by virtue of the fact that he is a Marauder officer/director.

Neither party has explicitly addressed this question in their briefs; and, it appears that there is a split of authority on this issue.[6] In any event, plaintiff has not presented any evidence indicating that Gambill was personally involved in the debt collection at issue. Indeed, on the record presented, Marauder denies that Gambill (a) supervises Marauder's staff and overall operations, (b) sets or approves Marauder's collection policies, practices and procedures, and (c) authorized or approved Marauder's use of the January 27, 2005 collection letter that was

---

[6] The Seventh Circuit apparently has concluded that a shareholder, officer or director of a corporate debt collector may not be held personally liable without piercing the corporate veil. *See, e.g., Pettit v. Retrieval Masters Credit Bureau, Inc.*, 211 F.3d 1057, 1059 (7th Cir. 2000) ("[T]he Act does not contemplate personal liability for shareholders or employees of debt collection companies who act on behalf of those companies, except perhaps in limited instances where the corporate veil is pierced."). However, a number of other courts have concluded that an officer or director of a corporate debt collector may be personally liable as a debt collector without piercing the corporate veil where the officer or director is personally involved in the debt collection at issue. *See Brumbelow v. The Law Offices of Bennett and Deloney*, 372 F. Supp.2d 615 (D. Utah 2005) (citing cases).

7

sent to plaintiff. (*See* Schwinn Decl., Ex. 2 at ¶¶ 13-16; Ex. 3 at ¶¶ 13-16). Nor has plaintiff cited any authority indicating that, as a matter of law, Gambill may be deemed a "debt collector" on the basis of Marauder's admission or by virtue of his status as Marauder's officer/director.

Accordingly, plaintiff's motion for summary judgment is denied as to defendant Gambill. The remainder of this order concerns only defendant Marauder.

**C.     Plaintiff's FDCPA Claims**

The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

In the Ninth Circuit, violations are determined under the "least sophisticated debtor" standard. *Swanson v. Southern Oregon Credit Service, Inc.*, 869 F.2d 1222, 1225 (9th Cir. 1989). This is an objective test which "is 'lower than simply examining whether particular language would deceive or mislead a reasonable debtor.'" *Terran v. Kaplan*, 109 F.3d 1428, 1431-32 (9th Cir. 1997) (quoting *Swanson*, 869 F.2d at 1227)). "[W]hether the initial communication violates the FDCPA depends on whether it is 'likely to deceive or mislead a hypothetical least sophisticated debtor.'" *Terran,* 109 F.3d at 1431 (quoting *Wade v. Regional Credit Ass'n*, 87 F.3d 1098, 1100 (9th Cir. 1996)). The issue of whether a collection letter's language violates the FDCPA is a question of law. *Hapin v. Arrow Fin. Servs.*, 428 F. Supp.2d 1057, 1060 (N.D. Cal. 2006) (citing *Terran*, 109 F.3d at 1431-32).

"The FDCPA is a strict liability statute." *Irwin v. Mascott*, 112 F. Supp.2d 937, 963 (N.D. Cal. 2000). A plaintiff need not prove either that defendants knew that their debt collection practices were illegal or that they intended to violate the law. *Id*.

**1.     Defendants' "Unclean Hands" Defense**

Preliminarily, defendants argue that the instant motion must be denied because, they contend, there are triable issues as to whether plaintiff fraudulently obtained the payday loan in question. That is, defendants assert that plaintiff never intended to repay the loan when it was

8

made. However, this assertion – which defendants characterize as their unclean hands" defense – is based upon state law (*see* CAL. CIV. CODE §1788.20) and is not a bar to plaintiff's federal claims for relief. *See generally Howlett v. Rose*, 496 U.S. 356, 372 (1990) ("The elements of, and the defenses to, a federal cause of action are defined by federal law."). Indeed, there is no fraud exception to the FDCPA, and "[t]he FDCPA does not distinguish between debtors based on their intent." *Irwin v. Mascott*, 96 F. Supp.2d 968, 975-76 (N.D. Cal. 1999) (citing *Keele v. Wexler*, 149 F.3d 589, 595 (7th Cir. 1998)); *see also Baker v. G.C. Services Corp*., 677 F.2d 775, 777 (9th Cir. 1982) ("The [FDCPA] is designed to protect consumers who have been victimized by unscrupulous debt collectors, regardless of whether a valid debt actually exists.").

**2.    Defendants' Interest Charge of $5.79 and Alleged Threats to Collect Amounts Not Due**

Plaintiff claims that defendants' collection letter violates the FDCPA because it (a) purports to add an interest charge of $5.79 to the outstanding balance and (b) otherwise threatens to collect other amounts – attorney's fees, interest and damages – which were not due or legally permissible. Here, he points out that the letter states:

> You are cautioned that unless you pay the outstanding balance as set out above within thirty-five (35) days, you may very well have to pay the following additional amounts:
>
> (1)   Costs of collecting the amount of the check, including reasonable attorney's fees; and
>
> (2)   Interest accruing at the maximum legally permissible rate from the date of dishonor; and
>
> (3)   Such further damages as the court may award or such other amounts as legally permitted.

(*Id*.).

The FDCPA prohibits debt collectors from making false or misleading statements in connection with the collection of any debt. *See* 15 U.S.C § 1692e. Among other things, a debt collector must not falsify or misrepresent the character, amount, or legal status of any debt, or any services rendered or compensation which may be lawfully received. *See id*., § 1692e(2)(A), (B). Additionally, a debt collector cannot threaten to take action that it does not intend to, or cannot lawfully, take. *See id*., § 1692e(5). Moreover, the Act prohibits debt collectors from

9

making false representations or using deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. *See id*., § 1692e(10).  Further, Section 1692f of the Act prohibits a debt collector from "us[ing] unfair or unconscionable means to collect or attempt to collect any debt." *Id,* § 1692f.  Prohibited conduct under Section 1692f includes "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) *unless such amount is expressly authorized by the agreement creating the debt or permitted by law*." *Id*., § 1692f(1) (emphasis added).

Plaintiff asserts that the $5.79 interest charge and other referenced fees and charges were not authorized by his payday loan agreement.  However, he has not produced that agreement, offering instead only his stated belief that those charges were not authorized.  (*See* Mejia Decl., ¶ 10).  Plaintiff's bare attestation is insufficient to show what the loan agreement terms may (or may not) have permitted.

Nevertheless, plaintiff maintains that, whatever the loan agreement might say, the attempt to collect the $5.79 in interest and other fees and charges was unreasonable as a matter of law.  Here, he asserts – and Marauder apparently does not dispute – that the payday loan in question is governed by California's Deferred Deposit Transaction Law (Cal. Fin. Code § 23000, *et seq.*).  Plaintiff contends that under that law, the $15.00 service fee assessed by California Budget Finance is the only charge that is authorized for late payment of the payday loan.  Indeed, Section 23036(e) provides:

> A fee not to exceed fifteen dollars ($15) may be charged for the return of a dishonored check by a depositary institution in a deferred deposit transaction.  A single fee charged pursuant to this subdivision is the exclusive charge for a dishonored check.  No fee may be added for late payment.

CAL. FIN. CODE § 23036(e).  The plain language of this statute indicates that only a $15.00 fee may be applied to a dishonored check in connection with a payday loan and that no fee for late payment can be added.  Marauder has not presented any authority to the contrary.  Accordingly, plaintiff's motion for summary judgment as to this issue is granted.

1  **3.      Alleged False Threat of Suit**

Plaintiff argues that the collection letter violates FDCPA Sections 1692e(5) and 1692e(10) because it (falsely) threatens a lawsuit to enforce the debt. He points out that the letter refers to the debt as "Case Number 5091989" and also mentions "attorneys fees," and "damages as the court may award." (*See* Mejia Decl., Ex. 1). He argues that the least sophisticated consumer would construe this language to mean that defendants either could or would file a collection action. Because there is no dispute that defendants never filed a lawsuit against him, and Marauder admits that it has never filed a collection lawsuit against a consumer in Santa Clara County (*see* Schwinn Decl., Ex. 2 at ¶¶ 24-25; Ex. 3 at ¶¶24-25), plaintiff contends that he is entitled to summary judgment on this issue.

The language referencing "attorneys fees" and court-awarded damages could imply, to the least sophisticated debtor, that a collection lawsuit could or would be initiated. Further, plaintiff has cited some authority indicating that "[w]here defendants rarely, if ever, file collection lawsuits, that fact alone may be sufficient to prove a lack of intent." *See Irwin*, 96 F. Supp.2d at 981.

However, defendants counter that the fact that plaintiff was not sued is not evidence of a lack of intent to sue or that any threat of suit was "false." Here, they point out that any collection action which might have been filed was prevented when plaintiff filed his bankruptcy petition on March 11, 2005. Indeed, plaintiff's bankruptcy petition indicates that any action to collect a pre-petition claim against him was subject to an automatic stay under 11 U.S.C. § 362.[7] (*See* Hartman Decl., Ex. B at p. 100049).

Accordingly, the court concludes that defendants have raised a triable issue as to whether any threat of suit was, in fact, "false." Plaintiff is not entitled to summary judgment on this issue.

---

[7] Title 11 United States Code Section 362(a) provides, in relevant part, that with certain exceptions not applicable here, the filing of a voluntary bankruptcy petition "operates as a stay, applicable to all entities" with respect to "the commencement or continuation, . . . of a judicial, administrative, or other action or proceeding . . . to recover a claim against the debtor that arose before the commencement of the case under this title" as well as to "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. § 362(a)(1), (6).

11

**4.     Verification of Payment**

Plaintiff claims that the collection letter violates FDCPA Section 1692g because it requires verification of payment. The collection letter states:

> If you believe you have paid for this check already or someone has made a mistake, please call us so we can get the problem resolved. (*Verification of payment will be required*.)

(*See* Mejia Decl., Ex. 1) (emphasis added). He argues that Section 1692g permits him to dispute a debt without proof of payment and that the collection letter's language is, therefore, misleading as to his rights under the Act.

FDCPA Section 1692g requires a debt collector to provide debtors with certain notices. Among other things, it provides that within five days after a debt collector's initial communication with the consumer, the debt collector must notify the consumer in writing that:

- "unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector";

- "if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector"; and

- "a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor."

15 U.S.C. § 1692g(a)(3)-(5). Additionally, Section 1692g states that where a consumer disputes the debt within the thirty-day period, then:

> [T]he debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. . . . Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

15 U.S.C. § 1692g(b).

Defendants argue that the collection letter "is subject to interpretation" and therefore presents a triable fact issue in and of itself. However, they offer no interpretation(s) of the letter

12

or otherwise explain what fact issues are presented by it. In any event, the issue of whether the language of a collection letter violates Section 1692g is a question of law. *Terran*, 109 F.3d at 1431-32. Here, if the letter's verification requirement could be read as applying solely to situations where the consumer "paid for this check already," the court might not be inclined to find a violation. Nevertheless, because the sentence immediately preceding the verification requirement also includes instances where a consumer believes that "someone has made a mistake," the letter does suggest to the least sophisticated debtor that a debt cannot be disputed without proof of payment. Such a message is, at the very least, confusing and inconsistent with a consumer's right to dispute the debt under FDCPA Section 1692g(b). *See, e.g., Desantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001) ("Even if a debt collector conveys the required information, the collector nonetheless violates the Act if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty.").

Accordingly, the court concludes that plaintiff is entitled to judgment on this issue.

### D.     **Plaintiff's RFDCPA Claims**

### 1.     **Marauder's "Unclean Hands" Defense**

As noted above, Marauder contends that summary judgment as to plaintiff's state law claims is precluded because it is entitled to what it calls an "unclean hands" defense under Cal. Civil Code § 1788.20. Specifically, it argues that when plaintiff obtained the payday loan in August 2004, he had no intention of re-paying it.

California law imposes certain obligations on debtors. Among other things, it provides that:

> In connection with any request or application for consumer credit, no person shall:
>
> (a)     Request or apply for such credit at a time when such person knows there is no reasonable probability of such person's being able, or such person then lacks the intention, to pay the obligation created thereby in accordance with the terms and conditions of the credit extension; or
>
> (b)     Knowingly submit false or inaccurate information or willfully conceal adverse information bearing upon such person's credit worthiness, credit standing, or credit capacity.

CAL. CIV. CODE § 1788.20(a), (b).

13

Plaintiff argues that defendants lack standing to assert any such defense because they were not parties to the payday loan in question. However, the plain language of the RFDCPA indicates that a defense based upon a debtor's (alleged) intentional violation of the statute is available to the debt collector. *See* Cal. Civ. Code § 1788.30(g) ("Any intentional violation of the provisions of this title by the debtor may be raised as a defense by the debt collector, if such violation is pertinent or relevant to any claim or action brought against the debt collector by or on behalf of the debtor.").

Nonetheless, the court finds that defendants have not presented sufficient evidence to support their defense. They contend that plaintiff's bankruptcy file indicates that he was over $48,000 in debt at around the time he applied for the payday loan. (*See* Hartman Decl., Ex. B). As defendants would have it, this is proof that he never intended to re-pay that loan. Plaintiff acknowledges that his bankruptcy petition indicates that he and his wife owed $28,758.06 in secured automobile loans and $19,278.74 in other general unsecured debt on March 11, 2005. However, the court agrees that the petition is not evidence of his financial condition or the representations he made to California Budget Finance when he applied for the payday loan in question seven months earlier.

**2.     RFDCPA – Cal. Civ. Code § 1788.17**

Plaintiff argues that violations of the FDCPA also constitute violations of RFDCPA Section 1788.17. Indeed, California has incorporated by reference the text of certain provisions of the FDCPA. *Alkan v. Citimortgage, Inc.*, 336 F. Supp.2d 1061, 1065 (N.D. Cal. 2004). The RFDCPA states, in relevant part, "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of Title 15 of the United States Code." CAL. CIV. CODE § 1788.17. "California simply incorporated by reference the text of certain federal provisions into the [RFDCPA], rather than copying them verbatim into the California code. Any resulting liability, however, remains a state claim." *Alkan*, 336 F. Supp.2d at 1065.

14

Insofar as this court concludes that plaintiff is entitled to summary judgment as to violations of the FDCPA based upon the $5.79 interest charge and other referenced fees, as well as the collection letter's verification requirement, plaintiff is also entitled to summary judgment against Marauder under RFDCPA Section 1788.17.

### 3.  **RFDCPA – Cal. Civ. Code § 1788.10(f)**

RFDCPA Section 1788.10 provides, "No debt collector shall collect or attempt to collect a consumer debt by means of . . . . the threat to take any action against the debtor which is prohibited by this title." CAL. CIV. CODE §1788.10(f).

Plaintiff contends that it is entitled to summary judgment based upon Marauder's (a) attempt to collect $5.79 in interest and threat to collect other fees that are not authorized under California law; and (b) alleged threat to file a lawsuit. Marauder asserts that fact issues preclude summary judgment because the collection letter speaks for itself and is subject to interpretation. As discussed above, it also argues that there is a triable issue as to whether any threat to sue was false.

Insofar as this court concludes that plaintiff is entitled to summary judgment based upon Marauder's attempt to collect $5.79 interest and threats to collect other unauthorized fees, it finds that plaintiff is entitled to summary judgment under RFDCPA Section 1788.10(f).

### 4.  **RFDCPA – Cal. Civ. Code § 1788.13(e)**

RFDCPA Section 1788.13(e) prohibits a debt collector from making "[t]he false representation that the consumer debt may be increased by the addition of attorney's fees, investigation fees, service fees, finance charges, or other charges if, in fact, such fees or charges may not legally be added to the existing obligation." CAL. CIV. CODE § 1788.13(e). Marauder reiterates all of its previous arguments here.

Insofar as this court concludes that plaintiff is entitled to summary judgment based upon Marauder's attempt to collect $5.79 interest and threats to collect other unauthorized fees, it finds that plaintiff is entitled to summary judgment under RFDCPA Section 1788.13(e).

15

## IV. DAMAGES

Plaintiff does not seek actual damages. Instead, he requests the maximum statutory damages of $1,000 available under the FDCPA and the RFDCPA. Statutory damages are available without proof of actual damages. *Baker*, 677 F.2d at 780.

Remedies under the FDCPA and the RFDCPA are cumulative and penalties may be awarded under both statutes. FDCPA Section 1692n provides:

> This subchapter does not annul, alter, or affect, or exempt any person subject to the provisions of this subchapter from complying with the laws of any State with respect to debt collection practices, except to the extent that those laws are inconsistent with any provision of this subchapter, and then only to the extent of the inconsistency. For purposes of this section, a State law is not inconsistent with this subchapter if the protection such law affords any consumer is greater than the protection provided by this subchapter.

15 U.S.C. § 1692n; *see also* CAL. CIV. CODE § 1788.32 ("The remedies provided herein are intended to be cumulative and are in addition to any other procedures, rights, or remedies under any other provision of law.").

### A. FDCPA

A debt collector who fails to comply with any provision of the FDCPA is liable for statutory damages not to exceed $1,000. 15 U.S.C. § 1692k(a)(2)(A). In determining the amount of liability, the court shall consider, among other things, "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional . . ." *Id*., § 1692k(b)(1).

Here, the court concludes that plaintiff has established several violations of the FDCPA based upon Marauder's attempt to collect an additional $5.79 in interest, the threat that it would collect other fees and charges not authorized by law, and its demand for verification of payment. Although a debt collector may escape liability if it shows that the violation was not intentional and resulted from a bona fide error (*see* 15 U.S.C. § 1692k(c)), Marauder has not raised such a defense here.

Nevertheless, on the record presented, these violations were not frequent and persistent. Plaintiff contends that the maximum penalty is warranted because the violations in question

16

were much more serious than those at issue in *Riveria v. MAB Collections, Inc.*, 682 F. Supp. 174 (W.D.N.Y. 1988). Further, he points out that the Seventh Circuit has upheld an award of $1,000 in a case involving one (and, according to plaintiff, less egregious) violation. *See Tolentino v. Friedman*, 46 F.3d 645 (7th Cir. 1995). However, the violations in *Riveria* involved fifteen communications from defendant. *See id*. at 175. By contrast, in the instant case, there is only a single collection letter at issue. Additionally, this court does not agree that the violations here are necessarily more egregious than *Tolentino*. In that case, the court concluded that defendant (an attorney) had entirely (and not inadvertently) omitted a requisite notice from a follow-up letter which had been found to suggest to its readers that bankruptcy might be the only viable option for them. *See id*. at 648-50.

Based on the foregoing, the court concludes that plaintiff is entitled to $250 in statutory damages.

**B.    RFDCPA**

California law authorizes the imposition of a statutory penalty in "an individual action" that "shall not be less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000). CAL. CIV. CODE § 1788.30(b). For the reasons stated above, the court concludes that plaintiff is entitled to $100 in statutory damages under the RFDCPA.

Plaintiff contends that he is also entitled to an additional award of up to $1,000 under RFDCPA Section 1788.17. However, he has not cited any authority indicating that Section 1788.17 was intended to permit an additional award over and above that which is authorized by Section 1788.30(b).

As noted above, Section 1788.17 incorporates by reference the text of certain provisions of the FDCPA and states that a violator "shall be subject to the remedies in [FDCPA Section 1692k]." CAL. CIV. CODE, § 1788.17; *see also Alkan*, 336 F. Supp.2d at 1065. However, *Alkan* did not hold that Section 1788.17 authorized additional penalties under the RFDCPA. That portion of the court's opinion concerned only whether Section 1788.17 impermissibly expanded the scope of the FDCPA. (The court concluded that it did not). *Id*. Plaintiff points out that this court has remarked that "[t]he mandatory language in [Section 1788.17] – 'shall be subject to

17

the remedies in Section 1692k' – leaves little doubt as to the intent of the legislature to broaden the remedies for CA RFDCPA . . .." *Abels v. JBC Legal Group, P.C.*, 227 F.R.D. 541, 548 (N.D. Cal. 2005). Notably, however, plaintiff omits the portion of the court's opinion indicating that it was commenting only about the availability of class action (as opposed to individual action) remedies under state law. *See id*. Even if Section 1788.17 was intended to authorize an additional award up to $1,000, this court concludes that the record presented does not warrant a penalty over the $100 being awarded here.

Accordingly, plaintiff's request for additional penalties under RFDCPA Section 1788.17 is denied.

## V. ATTORNEY'S FEES

The FDCPA provides that a debt collector is liable "in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). Additionally, the RFDCPA provides that the "prevailing party shall be entitled to costs of the action" and that "[r]easonable attorney's fees, which shall be based on time necessarily expended to enforce the liability, shall be awarded to a prevailing debtor." CAL. CIV. CODE § 1788.30(c).

Plaintiff will have fifteen days within which to submit proof, consistent with Ninth Circuit authority and this court's local rules, concerning costs and reasonable attorney's fees. Marauder will have ten days after receipt of plaintiff's submissions to file any opposition. Plaintiff may submit a reply, with any such reply to be filed no later than five days after receipt of Marauder's opposition.

## VI. ORDER

Based on the foregoing, it is ordered that plaintiff's motion for summary judgment is GRANTED IN PART AND DENIED IN PART as follows:

1.  Plaintiff's motion is DENIED as to defendant Gambill.

2.  The motion is GRANTED as to defendant Marauder with respect to the collection letter's (a) $5.79 interest charge, (b) reference to other fees and charges unauthorized by law and (c) requirement for verification of payment. Based upon these violations, the court

1  finds that plaintiff is entitled to statutory damages of $250 under the FDCPA and $100 under
2  the RFDCPA.[8]  Plaintiff's motion as to defendant Marauder is otherwise DENIED.
3         3.      Within fifteen days from the date of this order, plaintiff shall submit proof,
4  consistent with Ninth Circuit authority and this court's local rules, concerning his costs and
5  reasonable attorney's fees.  Marauder will have ten days after receipt of plaintiff's submissions
6  to file any opposition.  Plaintiff may submit a reply, with any such reply to be filed no later than
7  five days after receipt of Marauder's opposition.  Unless otherwise ordered by the court, the
8  matter will be deemed submitted without oral argument.
9  Dated:   March 15, 2007

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

United States District Court
For the Northern District of California

---

[8]  Even if plaintiff were to prevail on the "threatened to sue" claim, it is unlikely that it would result in anything more than a nominal increase in the statutory damages already awarded here.  Moreover, the court would not be inclined to award a double recovery as to defendant Gambill.

19

**5:06-cv-520 Notice will be electronically mailed to**:

Eric F. Hartman jhart75442@aol.com,

Frederick William Schwinn cand_cmecf@sjconsumerlaw.com, fred.schwinn@sjconsumerlaw.com; fschwinn@gmail.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.